Marco DI GAETANO and Philomena Di Gaetano

v.

The TEXAS COMPANY, a Delaware Corporation, Marco Di Gaetano, Appellant.

No. 13592.

United States Court of Appeals Third Circuit.

Argued Nov. 3, 1961.

Decided March 15, 1962.

Samuel H. Nelson, Bilder, Bilder & Freeman, Newark, N. J. (Walter J. Bilder and David A. Biederman, Newark, N. J., on the brief), for plaintiffs-appellants.

Amzy B. Steed, New York City, Katzenbach, Gildea & Rudner, Trenton, N. J. (Milton Handler, Stanley D. Robinson, Cecelia H. Goetz, New York City, on the brief), for defendant-appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and FORMAN, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff-appellant, Marco Di Gaetano, is the operator of a gasoline service station at Trenton, New Jersey, selling the products of the defendant-appellee, The Texas Company. His wife, Philomena, is his nominal partner in the

enterprise.[1] On May 11, 1956, Texas entered into a so-called "non-signer agreement" with a retailer whereby the Di Gaetanos because of the New Jersey Fair Sales Act [2] became legally bound to maintain fixed minimum resale prices for gasoline. Marco Di Gaetano concedes that in 1957 he sold gasoline at his station at less than the resale price fixed by Texas. On August 7, 1957, Texas filed a complaint in the Chancery Division of the Superior Court of New Jersey, alleging a breach of the agreement by him and praying for temporary and permanent injunctions to prevent him from selling gasoline below the prices fixed by it. On August 7, 1957, the New Jersey Court, acting *ex parte*, issued a temporary restraining order against Marco Di Gaetano pending final hearing.

On November 6, 1957, Marco Di Gaetano, before filing an answer to the complaint, moved to dissolve or modify this injunction. This motion, supported by affidavits, was based on the grounds that the "non-signer agreement" was no longer binding on him because Texas was selling gasoline in competition with him and was fixing gasoline prices under circumstances that constituted a violation of the federal antitrust statutes. Texas filed answering affidavits. On November 27, 1957, the New Jersey Court denied the motion and continued the interlocutory injunction. Marco Di Gaetano never interposed an answer and on January 20, 1958, a default judgment was entered against him. A motion was made to vacate this final judgment. It was denied on December 21, 1960. An appeal was

then taken to the Superior Court of New Jersey, Appellate Division.

On April 7, 1959, the Di Gaetanos brought the suit at bar in the federal district court for treble damages and other relief, charging violations of the federal antitrust laws. Texas moved for the dismissal of the action on the theory that the doctrine of collateral estoppel prevents the Di Gaetanos from maintaining the suit. Texas takes the position that the issue of competition has been decided adversely to the Di Gaetanos in the State Court and that this issue cannot be relitigated in the suit at bar.

The court below agreed with the contention of Texas that the Di Gaetanos were estopped collaterally from maintaining the suit as originally filed but that any change in factual situation or new facts coming into existence after January 20, 1958, the date of the default judgment, might be raised in an amended complaint and would be considered by the court below.[3]

The Di Gaetanos filed an amended complaint on February 1, 1961. The amended complaint is substantially the same as the original complaint except that it deals with acts of Texas which are alleged to have occurred after January 20, 1958, and which, it is said, have constituted a continuation of the conduct on its part originally complained of by the Di Gaetanos. The court below was of the opinion that nothing alleged in either the original or amended complaint relieved the Di Gaetanos of the bar of collateral estoppel and on February 14, 1961, dismissed both the original and amended

---

1. The court below held that as a non-operating lessor-owner of the Di Gaetano service station Philomena Di Gaetano was not a person injured in her business or property under the antitrust laws and therefore not a proper party plaintiff. See Melrose Realty Co. v. Loew's, Inc., 234 F.2d 518 (3 Cir.), cert. denied, 352 U.S. 890, 77 S.Ct. 128, 1 L.Ed.2d 85 (1956).

2. See R.S. § 56:4-1 to § 56:4-14, N.J.S.A. The Act authorizes a trademark owner to protect his good will by fixing minimum resale prices for commodities sold under

his mark. One section gives the trademark owner a right of action for unfair competition against anyone who knowingly undercuts his established prices, whether or not the latter has signed a contract. R.S. § 56:4-6, N.J.S.A. The trademark owner is immunized from liability under the federal antitrust laws by the McGuire Act, 15 U.S.C.A. § 45(a) (Supp.1961), unless the trademark owner is in competition with the person to whom he sells.

3. The court expressed its views in an oral opinion not reported for publication.

complaint. This is the judgment from which this appeal is taken.

On January 11, 1962, the Superior Court of New Jersey, Appellate Division, handed down a lengthy opinion in Marco Di Gaetano's appeal from the denial of his motion to vacate the default judgment.[4] The Appellate Division reversed the denial by the Chancery Division of Di Gaetano's motion to reopen the default judgment and remanded the case for further proceedings in accordance with its opinion. It follows that the defense of collateral estoppel asserted by Texas has evaporated.[5]

Texas insists that the second point raised on its brief and in its oral argument still remains before us and must be decided by this court now. It asserts that Di Gaetano cannot recover for any injury resulting from compliance with the injunction issued by the New Jersey Chancery Court. But Di Gaetano's complaint indicates that his claim for damages is not based solely on operative facts occurring within a period of time coextensive with that during which the injunction was in effect: some portion of Di Gaetano's claim seems to be for injuries occurring prior to the issuance of the injunction. Moreover, even as to claims alleged to have arisen subsequently to the granting of the injunction, a part thereof is not affected by the Chancery order. As illustrative of that portion of Di Gaetano's claim last referred to we point to the alleged violation of the Robinson-Patman Act asserted to have come into existence from price discrimination exercised by Texas in respect to gasoline sales to which the minimum prices did not apply. This being the case the Texas argument cannot support the dismissal of the complaint for failure to state a claim on which relief can be granted, the only ground for dismissal urged below other than collateral estoppel. This aspect of the litigation must be proceeded with as the facts and the law may require. Consequently the judgment will be vacated and the case remanded for appropriate action by the court below.

---

4. Texas Company v. Marco Di Gaetano, 71 N.J.Super. 413, 177 A.2d 273.

5. We are informed that The Texas Company will petition the Supreme Court of New Jersey to review the judgment of the Appellate Division. If the Supreme Court should grant review and reverse the judgment of the Superior Court, Appellate Division, other facts will be presented for the consideration of the court below.