**Federico EREBIA, Plaintiff–Appellant,**

v.

**CHRYSLER PLASTIC PRODUCTS CORPORATION; Chester R. Ferguson, Defendants–Appellees.**

No. 88–4192.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 19, 1989.

Decided Dec. 15, 1989.

tions against Chrysler. Erebia has additionally asserted that Chester R. Ferguson (Ferguson), Chrysler's personnel manager, had tortiously interfered with his beneficial and contractual relationship with Chrysler.

Erebia, a Mexican–American, was initially employed by Chrysler in 1965 at its Sandusky, Ohio manufacturing plant and had, over the years, advanced to the position of supervisor. In 1983, Erebia initiated legal action against Chrysler pursuant to 42 U.S.C. § 1981, wherein he charged that two of his subordinates had racially abused him and that Chrysler had refused to affirmatively respond to his complaints. A jury verdict was returned in January 1984 wherein it was concluded that Chrysler had condoned and exposed Erebia to a hostile work environment and awarded him $10,000 in compensatory damages and $30,-000 in punitive damages. On June 7, 1985, the Sixth Circuit affirmed the award of punitive damages and remanded the case to the trial court with instructions to reduce the compensatory damages to a nominal award. *Erebia v. Chrysler*, 772 F.2d 1250 (6th Cir.1984), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986) (*Erebia I*).

In August of 1984, eight months after the final judgment in *Erebia I*, Chrysler discharged Erebia from his employment as a supervisor at the Sandusky plant. In November of 1984, Erebia initiated a second lawsuit, *Erebia v. Chrysler*, No. C84–7896, Slip op. (N.D.Ohio Dec. 24, 1986) (*Erebia II*), against Chrysler charging retaliatory discharge pursuant to Title VII and 42 U.S.C. § 1981. The 1981 claim was tried to a jury and resulted in an award in favor of Erebia of $75,000 in compensatory damages and $55,000 in punitive damages. The Title VII action was tried before the District Judge Walinski who made the following factual findings pertinent to the instant action.

> Based on the record, the court finds Erebia has waived the right to demand reinstatement. Erebia never made

Dennis E. Murray, Sr., Dennis E. Murray, Jr. (Argued), Kirk J. Delli Bovi, Murray & Murray, Sandusky, Ohio, for plaintiff-appellant.

Stephen J. Stanford, Mary Ann Whipple (argued), Fuller & Henry, Toledo, Ohio, for defendants-appellees.

Before MERRITT, Chief Judge; KRUPANSKY, Circuit Judge; and SIMPSON, District Judge.*

KRUPANSKY, Circuit Judge.

Plaintiff-appellant, Federico Erebia (Erebia), has appealed from the district court's order granting summary judgment in favor of the defendants-appellees, Chrysler Plastic Products Corporation (Chrysler), and Chester R. Ferguson, Jr. (Ferguson), concluding that Erebia's instant action was barred by the doctrines of res judicata and/or collateral estoppel. Erebia charged, pursuant to 42 U.S.C. § 1981, that Chrysler's refusal to rehire him was an act of retaliation resulting from his prior successful prosecution of two civil rights ac-

---

* The Honorable Charles R. Simpson, III, District Judge for the Western District of Kentucky, sitting by designation.

Chrysler aware he sought this remedy until near the end of the trial. While it is true that Erebia was presumptively entitled to reinstatement, Erebia waived his right to demand reinstatement when he requested front pay. Inasmuch as front pay is an equitable remedy in lieu of reinstatement, *Shore v. Federal Express,* [777 F.2d 1155, 1159–60 (6th Cir.1985)], Chrysler was led to believe that reinstatement was not an issue before the Court. Further, to permit Erebia to seek reinstatement at this stage of the litigation would prejudice Chrysler who, by Erebia's own arguments, bears the burden of proving that Erebia is not entitled to reinstatement. Chrysler, therefore, was deprived of the opportunity to demonstrate the inappropriateness of Erebia's reinstatement including evidence that the position is filled by another employee.

Even assuming *arguendo* Erebia could request reinstatement at this late date, the court finds that reinstatement is inappropriate because of the hostile relationship between the parties. During the course of trial the hostility between Chrysler and Erebia was evident. Thus, he contended Chrysler's activities were willful, malicious and intentional. Erebia now states that "[t]here really was no significant animosity exhibited between the parties." ... The court disagrees. Sufficient evidence exists to find a high degree of hostility between the parties. More importantly, the women harassed by Erebia were under his direct supervision. Erebia's reinstatement would make the women's employment relationship intolerable. These employees should not be subjected to such employment conditions. In light of the foregoing discussion, the court finds Erebia could not function effectively as a member of Chrysler's management team.

*Erebia v. Chrysler,* No. C84–7896, Slip op. at 8 (N.D. Ohio Dec. 24, 1986) (*Erebia II*).

Both Chrysler and Erebia appealed the district court's judgment in *Erebia II* to this circuit which affirmed the jury's verdict and the district court's disposition concluding that Chrysler discharged Erebia as retaliation for previously prosecuting his successful lawsuit against Chrysler. This circuit further concluded that the district court's decision granting a nominal award of $1 in front pay was appropriate because of Erebia's misconduct. However, this circuit reversed the district court's refusal to reinstate Erebia to his supervisory position of employment and remanded the case with instructions to the trial court to determine "whether there is another equivalent position for Erebia at Chrysler for prompt reinstatement which would not involve the same potentiality of sexual harassment." *Erebia v. Chrysler,* Nos. 87–3297/3298, Slip op. at 7 (863 F.2d 47 Table) (6th Cir. Nov. 25, 1988) (unpublished per curiam), *cert. denied,* —— U.S. ——, 109 S.Ct. 1747, 104 L.Ed.2d 184 (1989). Erebia thereafter appealed the Sixth Circuit's opinion to the Supreme Court which denied certiorari on April 17, 1989. The case is currently pending in the district court awaiting disposition of the reinstatement issue.

While *Erebia II* was on appeal, Erebia initiated the instant third legal action on October 15, 1987 styled, *Erebia v. Chrysler,* C87–7675 (N.D. Ohio, Nov. 30, 1988) (*Erebia III*), subsequent to Chrysler's refusal to rehire him as an employee charging Chrysler with violating 42 U.S.C. § 1981, unspecified section of the United States Constitution, Article I, Sections 1 and 19 of the Ohio Constitution, and various state common law claims all of which charges were anchored in Chrysler's alleged acts of retaliation against him for successfully prosecuting *Erebia I* and *Erebia II*. In addition, the complaints alleged that Ferguson had tortiously interfered with Erebia's prospective contract with Chrysler. On November 30, 1988, the district court, after denying Erebia's motion to dismiss his claims under the constitution of the state of Ohio, Article, I, Sections 1 and 19, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO) and the state claim under the Ohio Pattern of Corrupt Activity Act, O.R.C. § 2923.31 (PACO), granted summary judgment in favor of Chrysler dismissing Erebia's complaint in its entirety. In

disposing of Erebia's § 1981 retaliatory refusal of employment action, the district court stated:

[Erebia] alleges a new act of retaliation occurred when he was not hired after he submitted his various letters to defendant requesting employment. Such a theory would cause Title VII and 1981 cases to go on ad infinitum. Judge Walinski either determined that jury award included future damages—front pay or it was not warranted. In either case, the issue was litigated.

It is not for this court to review Judge Walinski's decision. If [Erebia] has a meritorious claim for relief, it can still be granted upon remand, pursuant to the direction of the Court of Appeals. If not, plaintiff has had his day in court. Res judicata and collateral estoppel preclude this redundant litigation.

*Erebia v. Chrysler*, C87–7675, Slip op. at 6 (N.D. Ohio Nov. 30, 1988) (*Erebia III*).

The record in the instant case discloses that this circuit entered its decision reversing and remanding *Erebia II* to the district court for reconsideration of the reinstatement issue on November 25, 1988, five days before the trial court's decision dismissing the instant case pursuant to the doctrines of res judicata and/or collateral estoppel.

■ It is well established that "[w]hen a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel. A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel." *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir.1988) (quoting 1B *Moore's Federal Practice* Para. 0.416[2], at 517 (1984)). Where the prior judgment, or any part thereof, relied upon by a subsequent

court has been reversed, the defense of collateral estoppel evaporates.[1]  *Butler v. Eaton*, 141 U.S. 240, 244, 11 S.Ct. 985, 987, 35 L.Ed. 713 (1891); *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir.1980) ("A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel."); *Di Gaetano v. Texas Co.*, 300 F.2d 895, 897 (3d Cir.1962); *see generally* 18 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4433, at 311 (1981).

■ In the case at bar, the Sixth Circuit, in *Erebia II*, entered its decision reversing and remanding the issue of reinstatement on November 25, 1988. The district court did not enter its decision in the instant case, *Erebia III*, until November 30, 1988 by which date that part of the district court's decision in *Erebia II* addressing the issue of reinstatement had been stripped of its preclusive effect. Consequently, since the court of appeals in *Erebia II* had reversed and remanded the issue of reinstatement to the district court in that case, the reliance upon the doctrine of res judicata and/or collateral estoppel in disposing of the instant case was improper and of no legal force or effect. Accordingly, the case is REVERSED and REMANDED to the district court with instructions to consolidate this case with *Erebia v. Chrysler*, Nos. 87–3297/3298, Slip op. (6th Cir. Nov. 25, 1988) (unpublished per curiam), *cert. denied*, —— U.S. ——, 109 S.Ct. 1747, 104 L.Ed.2d 184 (1989) (*Erebia II*) for further proceedings not inconsistent with this decision.

■ On appeal, Erebia also argued that the district court erred in granting summary judgment in favor of Ferguson. Erebia charged that Ferguson, a personnel manager at Chrysler, who responded to Erebia's letters requesting employment, had tor-

---

1. It should be noted that the established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal. *See SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed Cir.1983) (final judgment retains all of its res judicata consequences pending decision of the appeal);

*McLendon v. Continental Group, Inc.*, 660 F.Supp. 1553 (D.N.J.1987); 18 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 4433, at 308 (1981). However, in the case at bar, the appeal pending before the Sixth Circuit in *Erebia II* was decided 5 days prior to the district court's decision in the instant action.

tiously interfered with his prospective employment with Chrysler.

Erebia's assertion is misconceived because Ferguson is not a third party who interfered in Erebia's prospective employment with Chrysler.

> The cases hold that claims by former employees against officers or other supervisory agents of former employers must fail because there is no *third party* who induced the breach. The agents are considered the same as the actual employer. This principle may be viewed as a matter of common sense: a corporate officer acting within the scope of his authority, would not thereby be guilty of tortious interference with plaintiff's contract with the corporation.

*Avins v. Moll*, 610 F.Supp. 308, 318 (D.Pa. 1984), *aff'd*, 774 F.2d 1150 (3d Cir.1985) (citations omitted).

Accordingly, the trial court's disposition of the causes of action alleged against Ferguson is AFFIRMED.

SIMPSON, District Judge, dissenting.

In *Erebia II*, the district court declined to order reinstatement. Instead, it awarded front pay, compensating Erebia for future nonemployment by Chrysler due to its discriminatory treatment of him.

This court reversed on the issue of reinstatement. However, the award of front pay was specifically affirmed.[1] The sufficiency of the award is therefore not in issue.

Erebia has thus fully litigated his claim of compensation for not having post-judgment employment at Chrysler. He has received a judgment on that claim with the imprimatur of this court. He should not be permitted to continue to litigate entitlement to employment after having been compensated for lack of same by the award of front pay. As the district court below aptly noted, "[s]uch a theory would cause Title VII and § 1981 cases to go on ad infinitum."

In my view, Erebia is precluded, in this action, from again seeking compensation for not being employed by Chrysler.

The majority focuses on the non-finality of the reinstatement issue in reversing the district court, but I perceive the finality of the front pay award as being determinative. Had front pay not been awarded or had its award been reversed by this court in *Erebia II*, I would join the majority opinion.

For these reasons, I would affirm the district court and must respectfully dissent.

---

1. "We accordingly affirm the district court's action here as to front end pay because the remedy reflects both the misconduct of the employer and employee in this case." *Erebia v. Chrysler Plastic Products Corporation*, Nos. 87– 3297/3298, (Table), 863 F.2d 47 (6th Cir.1988). Erebia's misconduct consisted of making unwanted sexual advances toward three female subordinates, and pressing them for sexual favors and money.