959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul E. WABEKE, Plaintiff-Appellant,
v.
Howard MAATMAN; Cornelius Van Heest; George A. Lievense;
James Bussard; John Marquis; Mutual Home Federal Savings
and Loan Association; Ottawa County Asbtract and Title
Company; Simon Sybesma; Gertrude Sybesma; Robert Dykstra;
Jack Rosema; Donald Newhouse; Nancy Brower; Dan Lubbers;
Bonnilou Lubbers; Daniel C. Krueger; Frances M. Homik;
Criss Gilbert; City of Holland; William A. Sikkel; Terry
Hofmeyer; Andrew J. Mulder; Craig Rich; Kenneth B.
Breese; Roper, Meyers, Knoll, Bauer & Knoll; Robert Hicks;
Steven H. Berger; Peoples Bank of Holland; Defendants-Appellees,
John Lovern; Alys Lovern, Defendants.
 No. 91-1800.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Paul E. Wabeke, a pro se Michigan litigant, appeals from the judgment of the district court dismissing his complaint alleging the violation of his civil rights. 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking eleven million dollars in damages, declaratory relief and a full-page written apology from defendants to be printed in the local newspaper, Wabeke asserted a cause of action arising out of ten state court law suits. Wabeke voluntarily withdrew his claims arising out of five of the state court actions; the remaining claims involve: 1) an ejectment action; 2) a quiet title action; 3) an unlawful eviction action; 4) a fraud and conspiracy action; and, 5) an action to have an easement declared invalid.
 
 
 3
 Mr. Wabeke is very forthright about the nature of his suit. He repeatedly admits that his complaint is the result of "a chain of 10 extremely closely [sic] related law suits in Ottawa County Circuit Court. Because of the great complexity and nature of the issues, and not quite knowing how to properly disect [sic] them from each other, the plaintiff filed his federal case (originally) as a composite of all the issues." The ten state court cases are the result of Mr. Wabeke's eviction and the judicial sale of his home to satisfy a $23,000 judgment against him.
 
 
 4
 The district court dismissed Wabeke's complaint on the grounds of res judicata with an admonition to refrain from futile and frivolous litigation. On appeal, Wabeke alleges that the district court rendered its opinion based on the "Law of Expediency" and reasserts that the state trial court erred. He has also filed a pleading entitled Motion for Judgment on the Pleadings. In that document Wabeke re-defines his issues as: 1) an unlawful seizure of property in violation of the Fourth Amendment; and, 2) the state court's conduct deprived him of due process guaranteed under the Fourteenth Amendment.
 
 
 5
 Upon review, we find no error. Wabeke's claims are precluded by the doctrine of res judicata. A final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). In addition, a judgment will not normally be deprived of its preclusive effect unless it is vacated, reversed or set aside on direct appeal. Erebia v. Chrysler Plastics Products Corp., 891 F.2d 1212, 1215 (6th Cir.1989). Final judgment was rendered on the merits by the state courts and Wabeke did not appeal. Therefore, res judicata bars his suit.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's opinion dated May 30, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. All pending motions are hereby denied.