19 F.3d 254
 44 Soc.Sec.Rep.Ser. 29, Medicare&Medicaid Guide P 42,133
Kimberly AUDETTE, on behalf of herself and as next friend of
her minor children; Sharon McMurphy, on behalf of herself
and her minor children; Betty Keyser; Michigan Welfare
Rights Organization, each on behalf of a class of similarly
situated persons, Plaintiffs-Appellants,
v.
Louis W. SULLIVAN, Secretary, U.S. Department of Health &
Human Services; Gail Wilensky, Administrator,
Health Care Financing Administration,
Defendants-Appellees.
Christine BABBITT, on behalf of herself and as next friend
of her minor children; Kimberly Campbell, on behalf of
herself and as next friend of her minor children; Michigan
Welfare Rights Organization, each on behalf of a class of
similarly situated persons; Sharon McMurphy, on behalf of
herself and her minor child; Cornelia Sims, Plaintiffs-Appellants,
v.
The STATE OF MICHIGAN, through its Department of Social
Services; Gerald Miller, in his official capacity as
Director of the Michigan Department of Social Services;
Eileen Ellis, in her official capacity as Acting Director of
the Medical Services Administration of the Michigan
Department of Social Services, Defendants-Appellees.
 Nos. 92-1750, 92-1112.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 23, 1993.
Decided March 2, 1994.
 
 R. Edward Marks, St. Joseph, MI, Marilyn T. Mullane (briefed), Susan K. McParland (argued), Michigan Legal Services, Detroit, MI, Kathleen A. Gmeiner, Robinson & McEwee, Lexington, KY, and Mary Ellen Drolet, Berrien County Legal Services Bureau, St. Joseph, MI, for Kimberly Audette, Sharon McMurphy, Betty Keyser, and Michigan Welfare Rights Organization, plaintiffs-appellants.
 Richard Olderman (briefed), Barbara C. Biddle, U.S. Dept. of Justice, Appellate Staff, Civ. Div., and Sheila Leiber, and Raymond M. Larizza, U.S. Dept. of Justice, Federal Program Branch, Washington, DC, for Louis W. Sullivan, defendant-appellee.
 Richard Olderman, Barbara C. Biddle, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Sheila Leiber, Raymond M. Larizza, U.S. Dept. of Justice, Federal Program Branch, and Malcolm L. Stewart (argued), U.S. Dept. of Justice, Civ. Div., Washington, DC, for Gail Wilensky, defendant-appellee.
 Marilyn T. Mullane (briefed), Susan K. McParland (argued and briefed), Michigan Legal Services, Detroit, MI, Mary Ellen Drolet, Berrien County Legal Services Bureau, St. Joseph, MI, and Michael O. Nelson, Legal Aid of Western Michigan, Grand Rapids, MI, for Christine Babbitt, Kimberly Campbell, Michigan Welfare Rights Organization, and Sharon McMurphy, plaintiffs-appellants.
 R. Edward Marks, St. Joseph, MI, Marilyn T. Mullane, Susan K. McParland, Michigan Legal Services, Detroit, MI, Mary Ellen Drolet, Berrien County Legal Services Bureau, St. Joseph, MI, and Michael O. Nelson, Legal Aid of Western Michigan, Grand Rapids, MI, for Cornelia Sims, plaintiff-appellant.
 Susan A. Harris, Stephen H. Garrard (argued and briefed), Asst. Attys. Gen., Office of the Atty. Gen. of Michigan, Detroit, MI, and William R. Morris, Office of the Atty. Gen. of Michigan, Lansing, MI, for the State of Mich., through Dept. of Social Services, Gerald Miller, and Eileen Ellis, defendants-appellees.
 Richard Olderman (briefed) and Barbara C. Biddle, U.S. Dept. of Justice, Appellate Staff, Civ. Div., Washington, DC, for the U.S., amicus curiae.
 Before: NORRIS and SILER, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 AMENDED OPINION
 SILER, Circuit Judge.
 
 
 1
 Plaintiffs, Christine Babbitt, et al., appeal the district court's decision granting summary judgment in favor of the State of Michigan. Plaintiffs, Kimberly Audette, et al., appeal the district court's judgment that collateral estoppel precluded them from proceeding with their lawsuit. Plaintiffs in both cases are AFDC (Aid to Families with Dependent Children) and Medicaid recipients seeking declaratory and injunctive relief against the Secretary of Health and Human Services, the Health Care Financing Administration, and the State of Michigan. The issues are whether: (1) a remedy under 42 U.S.C. Sec. 1983 exists against a state pursuant to 42 U.S.C. Sec. 1396a(c)(1); and (2) the doctrine of collateral estoppel precludes plaintiffs in Audette v. Sullivan from pursuing their action. For reasons stated herein, we affirm the decision of the district court in the Babbitt case (No. 92-1112) and remand in the Audette case (No. 92-1750).
 
 I.
 
 2
 The Medicare Catastrophic Act of 1988 amended the Medicaid Act by requiring states to extend eligibility for certain pregnant women and infants with incomes below the poverty line. Congress amended section 1396a(c)(1) as a safeguard to prevent states from diverting money from the AFDC program to meet this new obligation. The statute reads in pertinent part:
 
 
 3
 [T]he Secretary [of the United States Department of Health and Human Services] shall not approve any State plan for medical assistance if--
 
 
 4
 (1) the State has in effect [AFDC] payment levels that are less than the payment levels in effect under such plan on May 1, 1988.
 
 
 5
 42 U.S.C. Sec. 1396a(c)(1).
 
 
 6
 AFDC and Medicaid are joint state and federal programs administered by the states. The states are required to submit public welfare plans to the Secretary for approval and to amend their plans to conform with any changes in federal or state law. In December 1990, the Michigan legislature reduced the payment levels for AFDC recipients and eliminated an optional Medicaid program (known as the OBRA/QMB program), which enabled qualified medicare beneficiaries to be eligible for Medicaid benefits. It is undisputed that Michigan reduced its AFDC payment levels below those in effect in May 1988. The Secretary briefly refrained from approving plan amendments after Michigan reduced its AFDC payment levels in March 1991. However, the Secretary resumed approval of Medicaid plan material submitted by Michigan so long as the plan material was designated as an "amendment" and not a "new plan." Thus, Michigan was allowed to withdraw all pending state plan amendment material designated as "new plans" and resubmit them as "amendments."
 
 
 7
 In Babbitt, Michigan AFDC and Medicaid recipients sued the State of Michigan alleging that it violated section 1396a(c)(1) by having AFDC payment levels lower than those in effect on May 1, 1988. Plaintiffs sought injunctive and declaratory relief under 42 U.S.C. Sec. 1983. Without determining whether section 1983 provides a cause of action, the district court rejected Babbitt's claim on the merits and granted summary judgment in Michigan's favor, 778 F.Supp. 941. The court determined that the maintenance-of-effort requirement in section 1396a(c) did not create a right to any particular level of benefits, though it did provide for certain consequences for violating the statute, including reduced federal funding. Accordingly, the court found that Michigan was not prohibited from reducing AFDC benefit levels below those established on May 1, 1988, and the Secretary was not prohibited from approving Michigan's amended plan eliminating the OBRA/QMB program. Babbitt's claim based on 42 U.S.C. Sec. 602(a)(1) was dismissed as moot due to the Secretary's approval of the amended AFDC plan. In Audette, the same Michigan AFDC and Medicaid recipients sought declaratory and injunctive relief against the Secretary and the Health Care Financing Administration ("HCFA"), alleging it violated section 1396a(c)(1). The district court held that the Audette plaintiffs were collaterally estopped from proceeding with their lawsuit since the same issue was raised in Babbitt. These two cases have been consolidated on appeal.
 
 II.
 
 8
 The Babbitt plaintiffs argue that section 1983 provides a cause of action against the State of Michigan. To establish a cause of action for a federal statute violation: (1) the statute must create an enforceable right; and (2) Congress must not have foreclosed the use of section 1983. Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508, 110 S.Ct. 2510, 2516, 110 L.Ed.2d 455 (1990). Plaintiffs argue the statute creates an enforceable right, because: (1) the AFDC recipients are the intended beneficiaries of the provision; and (2) the Medicaid Act does not expressly preclude resort to Sec. 1983. See id. at 521-24, 110 S.Ct. at 2523-25.
 
 
 9
 "Section 1983 speaks in terms of 'rights, privileges, or immunities,' not violations of federal law." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 509, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990) (citation omitted). Thus, we must determine whether section 1396a creates a "federal right" that is enforceable under section 1983. Id. The question becomes whether "the provision in question was intend[ed] to benefit the putative plaintiff." Id. (citations omitted). "If so, the provision creates an enforceable right unless it reflects merely a 'congressional preference' for a certain kind of conduct rather than a binding obligation on the governmental unit, or unless the interest the plaintiff asserts is 'too vague and amorphous' " such that it is " 'beyond the competence of the judiciary to enforce.' " Id. (citations omitted).
 
 
 10
 Section 1396a(c)(1) does not create a right enforceable by AFDC plaintiffs under section 1983 to impose a maintenance-of-effort obligation on the states for the benefit of public assistance recipients. In passing the maintenance-of-effort provision, Congress intended to establish a minimum below which AFDC benefits would not fall. Section 1396a(c) addressed Congress's concern for protecting AFDC benefits. Further, because the plain meaning of the statute is unambiguous, there is no need to examine the legislative history. "Suter [v. Artist M., --- U.S. ----, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992),] instructs that, when a provision in a statute fails to impose a direct obligation on the States, instead placing the onus of compliance with the statute's substantive provisions on the federal government, no cause of action cognizable under section 1983 can flourish." Stowell v. Ives, 976 F.2d 65, 70 (1st Cir.1992) (citation omitted). Accordingly, "[a] statute does not create rights redressable under section 1983 when it is essentially administrative in nature and imposes an obligation exclusively upon federal officials, not upon state actors." Id.
 
 
 11
 Section 1396a(c) does not prohibit lowering AFDC levels nor does it require the state to maintain its AFDC benefit levels at a certain amount. At most, it implies that the state may be subject to certain consequences if it reduces benefits. The reduction was due to Michigan's balanced budget requirement. "[S]ection 1396a(c)(1) ... effectively gives them a choice: they may either maintain AFDC benefits at or above the May 1, 1988 payment levels, or they may reduce benefits." Stowell, 976 F.2d at 69. "[S]ection 1396a(c)(1) provides incentives--not commands--to the States." Id.
 
 III.
 
 12
 Because the Babbitt plaintiffs do not have a cause of action against the state under section 1983, the Secretary impliedly concedes that collateral estoppel in Audette might be destroyed, pursuant to Erebia v. Chrysler Plastic Products Corp., 891 F.2d 1212, 1215 (6th Cir.1989). However, Erebia holds that "[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel." Id. (citation omitted). In this case, of course, the judgment in Babbitt has been affirmed, not vacated, reversed, or set aside, but on different grounds from that used by the district court. Nevertheless, the result is the same, that is, there is no preclusive effect in the Audette case. See Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir.1986), cert. denied, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987). Thus, Babbitt is AFFIRMED, and the Audette case is REMANDED to the district court for further proceedings.