97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee Cross-Appellant,
v.
Jackson C. O'DELL, III, Defendant-Appellant Cross-Appellee.
 No. 95-6414, 95-6415.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant brings an interlocutory appeal from an order of the District Court which granted defendant's motion to dismiss the government's criminal forfeiture claim against his residence on res judicata grounds, but declined to dismiss the rest of the indictment on double jeopardy or res judicata grounds. The government cross-appeals the District Court's dismissal of defendant's residence from the criminal forfeiture count. For the following reasons, we AFFIRM in part, VACATE in part, and REMAND.
 
 I.
 
 2
 On August 15, 1991, law enforcement officials discovered a marijuana growing operation during the execution of federal search warrants at defendant's farm and home. The government initiated separate civil forfeiture actions against the properties under 21 U.S.C. § 881, while also pursuing criminal action. Eventually, a four-count indictment was brought against defendant, including a criminal forfeiture count which sought to forfeit defendant's interest in both of the properties pursuant to 21 U.S.C. § 841(a)(1).[1]
 
 
 3
 The government then moved to dismiss the civil forfeiture complaints without prejudice. Although the District Court dismissed the action with respect to the farm without prejudice, the separate action with respect to the residence was dismissed with prejudice. The government appealed the District Court's order of dismissal with prejudice. United States v. 266 Tonawanda Trail, No. 3:91-cv-0487 (E.D.Tenn. Feb. 23, 1995), appeal docketed, Nos. 95-5612/5664 (6th Cir. May 15, 1995). That appeal was consolidated with this case for the purpose of oral argument.
 
 
 4
 After the District Court ordered the civil forfeiture against defendant's residence dismissed with prejudice, the defendant moved to dismiss the indictment. He contended that the Double Jeopardy Clause[2] barred further prosecution because the dismissal with prejudice was the functional equivalent of an acquittal for double jeopardy purposes. Additionally, defendant argued that the court should dismiss the indictment on grounds of res judicata because the prior dismissal with prejudice constituted an adjudication on the merits of the same claims brought in the indictment.
 
 
 5
 The District Court found that the "civil forfeiture cases and the criminal cases arise out of the same conduct; that is, the alleged marijuana growing operation." Nevertheless, the court denied the defendant's motion to dismiss the indictment on double jeopardy grounds. The District Court distinguished this court's decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), rev'd, 116 S.Ct. 2135 (1996), in which we held that a defendant's criminal conviction, subsequent to the settlement of a civil forfeiture proceeding, violated the Double Jeopardy Clause.[3] Additionally, the District Court denied defendant's motion to dismiss the entire indictment on res judicata grounds, but it did dismiss his residence from the criminal forfeiture count because of the preclusive effect of the dismissal with prejudice of the civil forfeiture action against the same property. Both parties appealed.
 
 II.
 
 6
 The Supreme Court has now reversed our decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), and has concluded that the Double Jeopardy Clause does not bar criminal prosecution even after a civil forfeiture action has been completed and has resulted in the forfeiture of valuable property. See United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). The government consequently moved to dismiss defendant's appeal in the criminal case in light of the Ursery Court's decision.[4] At this court's request, the parties filed letter briefs addressing the impact of Ursery. The government essentially argues that Ursery controls both defendant's appeal and the government's cross-appeal. Defendant concedes that Ursery controls his appeal with respect to counts one through three of the indictment, and that those counts are not barred by the Double Jeopardy Clause. We agree that Ursery controls and, therefore, we affirm the District Court's order in so far as it denied defendant's request to dismiss the indictment on double jeopardy grounds.
 
 
 7
 Defendant continues to assert, however, that the criminal forfeiture count of the indictment is barred under the doctrine of res judicata by the prior dismissal with prejudice of the civil forfeiture action against his home. Today, in a separate opinion, we vacated and remanded the District Court's order in that civil forfeiture action. United States v. 266 Tonawanda Trail, Nos. 95-5612/5664 (6th Cir. Sept. 10, 1996). " 'When a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel. A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.' " Erebia v. Chrysler Plastics Prods. Corp., 891 F.2d 1212, 1215 (6th Cir.1989) (quoting Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir.1988)). Thus, the court's order dismissing the civil forfeiture proceeding with prejudice no longer has preclusive effect. We decline to review the merits of either defendant's appeal or the government's cross-appeal regarding the effect of the prior proceeding because, regardless of whether or not the District Court ruled correctly, the issue has become moot. Accordingly, we vacate the District Court's order dismissing the criminal forfeiture claim against defendant's residence on res judicata grounds and remand in light of our decision in United States v. 266 Tonawanda Trail. Nos. 95-5612/5664 (6th Cir. Sept. 10, 1996).
 
 III.
 
 8
 For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND.
 
 
 
 [1]
 The indictment also charged defendant with one count of possession of marijuana with intent to distribute, one count of manufacturing marijuana, and one count of making a building available for the manufacture of marijuana
 
 
 [2]
 The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V
 
 
 [3]
 The District Court found that (1) jeopardy did not attach because the forfeiture actions were dismissed and, therefore, no judgment was ever entered against defendant and (2) the dismissal with prejudice was not an acquittal for double jeopardy purposes
 
 
 [4]
 Under 6th Cir.R. 8(a)(1), motions to dismiss an appeal ordinarily may not be filed on grounds other than lack of appellate jurisdiction. Although the government styles its motion as one to dismiss, it is in effect asking the court (1) to affirm the District Court's order in so far as it pertains to all counts of the indictment except the criminal forfeiture count against defendant's residence and (2) to reverse the District Court's order in so far as it pertains to the criminal forfeiture count against defendant's residence. Motions to affirm are expressly prohibited under 6th Cir.R. 8(a)(3). We therefore deny the government's motion to dismiss the appeal