**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 99-30566
Summary Calendar
Civil Docket No. 98-461-B-M1**

---

**KENNETH DERRYL NORRIS AND MARY ELLEN KLEIN NORRIS**

**Plaintiffs-Appellants,**

**v.**

**UNION PLANTERS BANK OF LOUISIANA, ET AL.**

**Defendant-Appellee,**

---

**Appeal from the United States District Court
for the Middle District of Louisiana**

---

January 28, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Derryl Norris and Mary Ellen Klein Norris (collectively "Appellants") appeal the district court's granting summary judgment to Union Planters Bank of Louisiana ("Union Planters") and the taxing of costs against the Appellants pursuant to 28 U.S.C. § 1920. Since the state court judgment on which the district court relied has subsequently been reversed, Louisiana's res judicata statute, which served as the basis for summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment, does not apply.[2]  This court, therefore, vacates and remands.

This court reviews the granting of summary judgment de novo and applies the same criteria as the district court.  See Baker v. Putnal, 75 F.3d 190, 197 (5th Cir. 1996).  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P. 56(c).

In determining the preclusive effect of the first state court judgment, the district court applied Louisiana's res judicata principles.  See Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996)(in giving res judicata effect to a state court judgment, a federal court applies the res judicata principles of the state from which the judgment originated); see also 28 U.S.C. § 1738.  Under Louisiana's res judicata statute, a valid, final judgment between the same parties has preclusive effect.[3]  At the

---

[2]    The Appellants filed their state court action in February 1997.  The state court entered judgment for Union Planters in December 1997 ("first judgment"), and the Appellants filed a timely appeal.  In April 1998, the Appellants filed a second action which was removed to federal court.  In May 1999, the district court granted summary judgment to Planters.  The Louisiana appellate court reversed the first judgment in June 1999, and the Appellants then appealed the district court judgment.

[3]    La. Rev. Stat. Ann. § 13:4231 (West 1991), provides in pertinent part:

> Except as otherwise provided by law, a valid and final
> judgment is conclusive between the same parties, except
> on appeal or other direct review, to the following
> extent:...(2) If the judgment is in favor of the

2

time the district court granted summary judgment to Union Planters, the first judgment was valid and final.  See La. Rev. Stat. Ann. § 13:4231, cmt. (d); La. Code Civ. Proc. Ann. art. 967 (West 1984). After the district court entered judgment, the Louisiana appellate court reversed the first judgment.  As a result, there is no final judgment to which the federal court can give preclusive effect: "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and ... bar[s] any action filed thereafter <u>unless the judgment is reversed on appeal</u>."  <u>Id</u>. (emphasis added).  Once the first judgment is reversed, "a second judgment based upon the preclusive effects of the first judgment should not stand."  18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 4433 (2d ed. 1990).[4]  Given the reversal of the first judgment, Louisiana's res judicata statute no longer bars pursuit of Appellants' claim in the district court.  Union Planters is not entitled to judgment as a matter of law on the basis of preclusion.  This court, therefore,

---

> defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

[4]  See also <u>Butler v. Eaton</u>, 141 U.S. 240, 244, 11 S. Ct. 985, 987 (1891); <u>Ornellas v. Oakley</u>, 618 F.2d 1351, 1356 (9th Cir. 1980)("A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel."); <u>Di Gaetano v. Texas Co.</u>, 300 F.2d 895, 897 (3d Cir. 1962)(if the prior judgment relied upon in the district court is reversed after the judgment of the district court, "the defense of collateral estoppel ... has evaporated"); <u>In re Hedged-Investments Assocs.</u>, 48 F.3d 470, 472-73 (10th Cir. 1995); <u>South Carolina Nat'l Bank v. Atlantic States Bankcard Ass'n</u>, 896 F.2d 1421, 1430-31 (4th Cir. 1990); <u>Erebia v. Chrysler Plastics Prods. Corp.</u>, 891 F.2d 1212, 1215 (6th Cir. 1989).

vacates the district court's granting summary judgment to Union Planters and remands the case to the district court.[5]

**VACATED AND REMANDED.**

---

[5] Since this court vacates the district court's judgment, the taxation of costs is to be determined by the district court after the outcome of this remand.

4