JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dexter Lowe ("Lowe") appeals the trial court's decision designating him a sexual predator. We find no merit to the appeal and affirm.
 {¶ 2} In January 1991, Lowe was charged with six counts of rape, one count of kidnapping, and felonious sexual penetration, all with aggravated felony specifications. After a bench trial, the court found him guilty on all counts and sentenced him to 15 to 25 years in prison on each count, with 15 years mandatory, to run concurrently. His convictions were affirmed by this court inState v. Lowe (Feb. 25, 1993), Cuyahoga App. No. 61982.
 {¶ 3} In February 2001, Lowe was returned to the trial court for a sexual predator hearing pursuant to R.C. 2950.09(C). At the conclusion of the hearing, the court found that there was clear and convincing evidence that Lowe was likely to commit another sexually oriented offense in the future and classified him as a sexual predator. Lowe appealed.
 {¶ 4} This court held that the trial court failed to make an adequate record "by not engaging in an analysis of the relevant facts and by not directing those facts to the question of defendant's likelihood of reoffending." State v. Lowe, Cuyahoga App. No. 79778, 2002-Ohio-7056, at ¶ 19. Accordingly, this court remanded the matter for a new hearing.
 {¶ 5} In April 2003, the trial court conducted a second sexual predator hearing. The State introduced the victim's written statement, the transcript from the first sexual predator hearing, and a certified copy of the journal entry from Lowe's first rape and sodomy conviction in 1971.
 {¶ 6} Lowe introduced a copy of a letter he sent to the Adult Parole Authority requesting reconsideration of his parole based on new information which he claimed demonstrated his innocence. The parties jointly introduced a copy of Lowe's institutional record, including certificates he obtained for completion of several rehabilitative programs while in prison.
 {¶ 7} Three witnesses testified at the hearing. Lowe's aunt described him as a selfless person who placed the needs of others before his own. Lowe's younger brother testified that, as a teenager, Lowe was led astray by an older brother who introduced him to drugs and encouraged him to rape a 13-year-old. As a result, Lowe was convicted of rape, sodomy, and armed robbery in 1971 and served ten years in prison. Lowe's younger brother further testified that Lowe had learned from his mistakes, had recently become active in a recovery program, and had changed his ways.
 {¶ 8} Lowe testified on his own behalf and admitted raping a girl, which resulted in the 1971 conviction, but he believed the girl was 14 years old. However, he denied the allegations which led to his 1991 rape convictions.
 {¶ 9} Lowe admitted his drug and alcohol addiction, but asserted that he was currently sober and that he is a different person when he is drug-free. He also described the rehabilitative programs he completed in prison, including several 12-step programs and three sex offender programs.
 {¶ 10} In addition, the court considered reports from two psychiatric evaluations performed by the court psychiatric clinic. The first evaluation, completed in 2001, found Lowe to be a medium to high risk of reoffending. The evaluation mentioned Lowe's statement that he and his half-brother would "grab women off the street and rape them." This evaluation also noted Lowe's addictions to marijuana and crack cocaine, his personality disorders, and his description of himself as "addicted" to sex.
 {¶ 11} The second evaluation, completed in March 2002, included an Abel Assessment for Sexual Interest, which revealed that Lowe had a significant interest in two- to four-year-old females as well as adolescent and adult males and females.
 {¶ 12} The court also considered the transcript from the 1991 trial and the record in the instant case. Although the court indicated that it reviewed all evidence presented at the first classification hearing, some exhibits, including original police reports, were not included in the record on appeal.
 {¶ 13} After applying the evidence presented to the factors set forth in R.C. 2950.09(B)(3), the court designated Lowe as a sexual predator.
 {¶ 14} In his sole assignment of error on appeal, Lowe argues his classification as a sexual predator was not supported by clear and convincing evidence. He also argues that the court's decision from the second sexual predator hearing should be vacated because a remand for a new hearing was barred by res judicata.
 {¶ 15} However, in Erebia v. Chrysler Plastic ProductsCorp., (6th Cir. 1989), 891 F.2d 1212, the Sixth Circuit Court of Appeals explained:
"It is well established that `when a judgment has beensubjected to appellate review, the appellate court's dispositionof the judgment generally provides the key to its continued forceas res judicata and collateral estoppel. A judgment that has beenvacated, reversed, or set aside on appeal is thereby deprived ofall conclusive effect, both as res judicata and as collateralestoppel.' Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir.1988) (quoting 1B Moore's Federal Practice Para. 0.416[2], at 517(1984)). Where the prior judgment, or any part thereof, reliedupon by a subsequent court has been reversed, the defense ofcollateral estoppel evaporates. Butler v. Eaton (1891),141 U.S. 240, 244; Ornellas v. Oakley, 618 F.2d 1351, 1356 (9thCir. 1980) (`A reversed or dismissed judgment cannot serve as thebasis for a disposition on the ground of res judicata orcollateral estoppel.'); Di Gaetano v. Texas Co.,300 F.2d 895, 897 (3d Cir. 1962); see generally 18 Wright, Miller Cooper, Federal Practice and Procedure, § 4433, at 311 (1981)."
 {¶ 16} See, also, State v. Philpott, 147 Ohio App.3d 505,2002-Ohio-808, holding that res judicata did not bar the trial court from conducting a subsequent classification hearing and determining defendant's sexual predator status. Therefore, the doctrine of res judicata did not bar the remand for the second sexual predator hearing. Accordingly, we will review the propriety of the court's decision in the second sexual predator hearing.
 {¶ 17} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C.2950.09(B)(3).
 {¶ 18} In State v. Eppinger, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
"Clear and convincing evidence is that measure or degree ofproof which will produce in the mind of the trier of facts a firmbelief or conviction as to the allegations sought to beestablished. It is intermediate, being more than a merepreponderance, but not to the extent of such certainty as isrequired beyond a reasonable doubt as in criminal cases. It doesnot mean clear and unequivocal."
 {¶ 19} State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881, citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 20} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 21} Pursuant to R.C. 2950.09(B)(2), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 22} R.C. 2950.09(B)(2) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86,89, 757 N.E.2d 413.
 {¶ 23} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, citing Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 24} The trial court reviewed all of the evidence and made findings under relevant factors listed in R.C. 2950.09(B)(2). First, the court noted that Lowe was convicted of raping two different victims, ages 14 and 26. The court also observed that Lowe availed himself of various programs while in prison and that there was insufficient evidence to support a finding that Lowe suffered from mental disability or that he used drugs or alcohol to impair the victims.
 {¶ 25} However, the court also found Lowe's statements to Dr. Schmedlen, a court psychiatrist, indicated that Lowe had certain behavioral characteristics which suggested that he was likely to reoffend. First, the court quoted a statement from Lowe in Dr. Schmedlen's report wherein Lowe admitted that in the early 1970's he and his half-brother would "grab women off the street and rape them."
 {¶ 26} The court also mentioned the fact that Lowe described himself as "addicted" to sex. Dr. Schmedlen's report further stated that in addition to having sex daily with his wife, Lowe had numerous affairs and one-night stands with prostitutes and engaged in group sex with three or four prostitutes. The court further explained that Dr. Schmedlen concluded that Lowe's test results on the Static-99 placed him in the medium-high risk category for sexual recidivism.
 {¶ 27} The court further observed that Lowe underwent a second psychiatric evaluation in March 2002 which included an Abel Assessment. The court stated that according to Dr. Michael Aronoff's report, Lowe had a significant interest in two- to four-year-old females, as well as adolescent and adult males and females. Dr. Aronoff explained in his report that this is a factor considered most significantly correlated with sexual offense recidivism.
 {¶ 28} Finally, the court stated that it considered the victim's description of the rapes significant as well. Although there was no evidence that Lowe used a gun during the commission of these offenses, the victim's description of the rapes indicated that Lowe displayed cruelty towards her.
 {¶ 29} Based on the evidence, we conclude that the trial court's finding is based on sufficient evidence. Accordingly, the sole assignment of error is without merit.
 {¶ 30} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., and James J. Sweeney, J., concur.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.