{¶ 36} I concur in the judgment but write separately on the issue of tortious interference. Lennon repeatedly argues in her brief about "tortuous interference." The only thing tortuous in the instant case is the presentation of her appellate argument.
 {¶ 37} Lennon alleges that the appellees jeopardized her career as a probation officer because they maliciously and intentionally interfered with her job. She specifically complains about Carmen Johnson, a secretary at the East Cleveland office and a defendant in the instant case.
 {¶ 38} Tortious interference with an employment relationship occurs when one party to the relationship is induced to terminate the relationship by the malicious acts of a third person who is not a party to the relationship at issue. Condon v. Body,Vickers Daniels (1994), 99 Ohio App.3d 12, 22,649 N.E.2d 1259. An employee of a party to the relationship at issue is generally not considered a "third party." Id. Thus, a tortious interference claim generally cannot be brought against an employee of a party to the relationship at issue. Id. In order to maintain a tortious interference claim against an employee of the party to the relationship at issue, the evidence must demonstrate that the employee acted solely in his or her individual capacity and personally benefitted as a result of the interference.Miller v. Wikel Mfg. Co. (1989), 46 Ohio St.3d 76, 78-79,545 N.E.2d 76.
 {¶ 39} In Erebia v. Chrysler Plastic Products Corp. (C.A.6, 1989), 891 F.2d 1212, 1216, the court held that the personnel manager of a plant where Erebia sought employment was not a third party who could interfere with Erebia's prospective employment with that employer. In Condon, supra, the defendant was employed as the office manager of a firm. The court found that the defendant was not a third party subject to liability for tortiously interfering with a contract to which the firm was a party.
 {¶ 40} Here, the juvenile court and its employees are not third parties — they are the defendants/appellees in this case. Lennon has not even attempted to prove that Johnson or any other employee interfered with her employment contract, acted in his or her individual capacity, or personally benefitted from any alleged interference. Additionally, Lennon did not produce evidence of a causal connection between Johnson's or anyone else's comments and any adverse employment decision. Lennon resigned; she was not discharged. Therefore, her claim of tortious interference has no merit.
 {¶ 41} I also write separately to point out one other flaw in Lennon's argument related to her defamation claim. The majority refers to Lennon's "Cookie Jar Caper." I would add that the allegation regarding soliciting cases cannot be first raised on appeal. Therefore, I would overrule this argument without further analysis.