[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13485
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00791-AT

W. A. GRIFFIN M.D.,

Plaintiff-Appellant,

versus

FOCUS BRANDS INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 13, 2017)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

This appeal requires us to consider when a final judgment is on the merits for res judicata purposes. More specifically, we must decide whether a final judgment is on the merits when the district court labeled its dismissal as without prejudice based on its determination that the plaintiff lacked standing, but we clarified on appeal that the relevant issue was not jurisdictional. We hold that in this narrow circumstance the final judgment was on the merits notwithstanding the district court's labeling of its dismissal as without prejudice. Accordingly, we affirm the district court's decision to dismiss the claims in this case based on res judicata.

## I.     FACTUAL BACKGROUND

This case arises out of dermatology care that Dr. W.A. Griffin provided to patient S.D., an insured under a FOCUS Brands, Inc. health plan (the "Plan"). Dr. Griffin submitted claims for her services to Blue Cross Blue Shield of Georgia ("BCBSGA"), the claims administrator for the Plan, and alleges that BCBSGA underpaid the claims.

Dr. Griffin previously sued FOCUS Brands in district court based on the alleged underpayment, bringing claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), for unpaid benefits, breach of fiduciary duty, civil penalties based on the failure to provide plan documents, breach of contract, and co-fiduciary liability. The district court granted FOCUS

2

Brands's motion to dismiss, concluding that Dr. Griffin lacked statutory standing under ERISA because the Plan barred assignment of claims, and accordingly dismissed the case without prejudice.

On appeal, we affirmed the district court's ruling. Although the district court labeled its dismissal as without prejudice because of its conclusion that Dr. Griffin lacked standing, we clarified that in this instance statutory standing was not a question of subject matter jurisdiction "but rather whether [Dr. Griffin] has a cause of action under the statute." *Griffin v. FOCUS Brands, Inc. ("FOCUS Brands I")*, 635 F. App'x 796, 798 (11th Cir. 2015) (unpublished) (internal quotation marks omitted). Accordingly, we considered the "district court's decision that Dr. Griffin lacked statutory standing to be a determination that she failed to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Id.*

Approximately a month after our decision in *FOCUS Brands I*, Dr. Griffin filed a second lawsuit against FOCUS Brands in state court. After FOCUS Brands removed the case to federal court, Dr. Griffin filed an amended complaint, in which she repeated her allegations that she had provided services to S.D. and BCBSGA had underpaid the insurance claims for those services, and again alleged ERISA claims against FOCUS Brands for unpaid benefits, civil penalties based on the failure to provide plan documents, and co-fiduciary liability. FOCUS Brands once more moved to dismiss Dr. Griffin's claims. The district court granted the

3

motion, concluding that the claims were barred by res judicata, and dismissed them pursuant to Federal Rule of Civil Procedure 12(b)(6).  This is Dr. Griffin's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's determination that a claim is barred by res judicata.  *Starship Enters. of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1252 (11th Cir. 2013).

## III.    ANALYSIS

Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.1999).  The purpose of res judicata is to protect "adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Id.* (internal quotation marks omitted).  A claim will be barred by prior litigation when: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Id.*

We have stated some general rules for determining when a judgment is on the merits.  A dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is not a judgment on the merits.  *Davila v. Delta Air*

4

*Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003).  But a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.  *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).  We have further recognized that "[a] dismissal without prejudice is not an adjudication on the merits."  *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

Because we concluded in *Focus Brands I* that Dr. Griffin had failed to state a claim for relief, the final judgment was on the merits.  We acknowledge that the district court labeled the dismissal as without prejudice, which generally would cause us to conclude that the judgment was not on the merits.  But in the narrow circumstances of this case, the district court's label was not binding.  The court specified that it was dismissing the case without prejudice because Dr. Griffin lacked standing.  On appeal in that case, we clarified that the dismissal was better characterized as for failure to state a claim for relief.   Because we affirmed on the alternative ground that Dr. Griffin failed to state a claim for relief and rejected the district court's implicit determination that there was no subject matter jurisdiction, we conclude that the final judgment in *FOCUS Brands I* was on the merits.  *See Audette v. Sullivan*, 19 F.3d 254, 257 (6th Cir. 1994) (considering effect for res judicata purposes of an appellate decision that affirms a lower court's decision on an alternate ground).

5

There is no question that the remaining elements of the res judicata test are satisfied.  Dr. Griffin conceded in the district court that the prior decision was rendered by a court of competent jurisdiction and the parties were identical in both suits.  In addition, a review of the record shows that all of the causes of action Dr. Griffin asserted in this case were also raised in *FOCUS Brands I*.  Accordingly, res judicata applies to bar Dr. Griffin's claims in this case.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**