**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1719
_____

MATHU RAJAN,
                                        Appellant

v.

ALASTAIR CRAWFORD; PATRICK MILES; KEVIN GOLLOP; KRISTOFF
KABACINSKI; ASAF GOLA; SHADRON STASTNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01456)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2022

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed November 3, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mathu Rajan, proceeding pro se, appeals the District Court's dismissal of his complaint. For the following reasons, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

I.

Rajan is the CEO of Stream TV Networks, Inc. ("Stream") and a member of Stream's board of directors. Stream was founded in 2009 to develop and market technology for viewing three-dimensional video content without the aid of 3D glasses. By 2019, Stream faced serious debts pushing it toward insolvency, so a group of investors and secured creditors sought to restructure the company. Rajan and his family—who dominate Stream's corporate officer positions and hold a controlling share of stock in Stream—resisted the restructuring efforts.

The conflict over Stream and its assets has since spawned numerous lawsuits and contested transactions. In January 2020, Appellee Alistair Crawford and other Stream equity investors sued Rajan and his family in the Delaware Court of Chancery alleging, among other things, fraudulent inducement to invest in Stream. See Crawford, et al. v. Rajan, et al. , No. 2020-0004-JTL (Del. Ch. Jan. 3, 2020) (hereinafter "the Crawford lawsuit"). After filing that suit, investors and creditors continued their efforts to restructure Stream. In March 2020, Appellee Shadron Statsney, through his company SLS Holdings VI, LLC ("SLS"), informed Stream that it was in default of notes secured by Stream's assets. Days later, Appellees Krzystof Kabacinski, Asaf Gola, and Kevin Gollop were appointed to Stream's board to serve as independent outside directors alongside Rajan and his brother.

2

The newly constituted board approved (over the Rajan brothers' minority vote) the creation of a Resolution Committee in early May 2020, purportedly devolving to that committee the full power to satisfy debts of and claims against Stream without further action from the board. Gola and Gollop were the only members of the Resolution Committee. Days after its creation, the Resolution Committee approved an Omnibus Agreement between Stream, SLS, and Stream's other secured creditors. Under the Omnibus Agreement, the investors and creditors would form a new entity, SeeCubic, to receive Stream's assets in satisfaction of any outstanding debt. Rajan and his family would not hold a controlling ownership stake in SeeCubic or any of SeeCubic's corporate officer positions.

At the end of May 2020, Rajan initiated this suit in the Court of Common Pleas for Philadelphia County, alleging tortious interference with contract, defamation, abuse of process, and civil conspiracy. Service of the complaint was delayed for some months pending a referral to that court's case management program. In March 2021, the defendants removed this action to the United States District Court for the Eastern District of Pennsylvania.

Meanwhile, Stream filed suit against SeeCubic in September 2020 in the Delaware Court of Chancery, seeking an injunction to block enforcement of the Omnibus Agreement. SeeCubic cross-moved for an injunction barring Stream or the Rajan family from interfering with the Omnibus Agreement. The Chancery Court decided the motions in favor of SeeCubic and issued a preliminary injunction against Stream and the Rajans. See Stream TV Networks, Inc. v. SeeCubic, Inc., 250 A.3d 1016 (Del. Ch. 2020). The

Chancery Court subsequently granted SeeCubic partial summary judgment declaring the Omnibus Agreement valid and converted the injunction from preliminary to permanent, see Stream TV Networks, Inc. v. Seecubic, Inc., No. 2020-0766-JTL, 2021 WL 4352732 (Del. Ch. Sep. 23, 2021), entered partial final judgment to facilitate appeal, 2021 WL 5240591 (Del. Ch. Nov. 10, 2021), and denied Stream's motion to modify those rulings, 2021 WL 5816820 (Del. Ch. Dec. 8, 2021) (collectively, hereinafter "the Stream lawsuit").

Following the Delaware Chancery Court's rulings, the District Court in this action dismissed Rajan's claims for tortious interference and civil conspiracy on the basis that he was collaterally estopped from rearguing the validity of the Omnibus Agreement. The District Court also found that Rajan had failed to state a claim for abuse of process or defamation. Rajan was afforded an opportunity to file an amended complaint as to his defamation claim only; he failed to do so within the allotted time and the District Court entered final judgment. After the District Court denied his motion for reconsideration, Rajan timely appealed to this Court. Subsequently, in the Stream lawsuit, the Delaware Supreme Court vacated the permanent injunction and partial final judgment in a lengthy precedential opinion, remanding to the Chancery Court for further proceedings. See Stream TV Networks, Inc. v. SeeCubic, Inc., 279 A.3d 323 (Del. 2022).

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] "Application of collateral

---

[1] Following removal from Pennsylvania state court, the District Court properly exercised jurisdiction over this diversity action. See 28 U.S.C. §§ 1332, 1441(b).

estoppel is a question of law," over which we exercise plenary review, <u>Szehinskyj v. Att'y Gen.</u>, 432 F.3d 253, 255 (3d Cir. 2005), as we do over an order of dismissal for failure to state a claim, <u>see</u> <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008).

The District Court held that Rajan's claims for tortious interference and civil conspiracy were barred by collateral estoppel, also known as issue preclusion. Federal courts look to the rendering state's law to determine the preclusive effect of a prior state judgment. <u>See</u> <u>Sec'y United States Dep't of Lab. v. Kwasny</u>, 853 F.3d 87, 94 (3d Cir. 2017). Thus, we look here to the preclusion law of Delaware, which, among other things, "prohibits a party from relitigating a factual issue that was adjudicated previously." <u>M.G. Bancorporation, Inc. v. Le Beau</u>, 737 A.2d 513, 520 (Del. 1999). "The test for applying the collateral estoppel doctrine requires that (1) a question of fact essential to the judgment (2) be litigated and (3) determined (4) by a valid and final judgment." <u>Id.</u>

The fourth of those prongs is at issue here. The District Court concluded that, based on the Delaware Chancery Court's rulings in SeeCubic's favor, Rajan "is precluded from relitigating the validity of the Omnibus Agreement," which is "the crux of his tortious interference with contract and civil conspiracy claims." Dist. Ct. Mem. Op. 17, ECF No. 35. After the District Court rendered that decision, the Delaware Supreme Court vacated the permanent injunction against Rajan, reversed the judgment declaring the Omnibus Agreement valid, and remanded to the Chancery Court for further proceedings. [2] <u>See</u> <u>Stream TV Networks, Inc. v. SeeCubic, Inc.</u>, 279 A.3d 323, 355 (Del.

---

[2] Indeed, the Chancery Court has already issued multiple opinions concerning the Delaware Supreme Court's mandate on remand. <u>See</u> <u>In re Stream TV Networks, Inc.</u>

2022). "[A] bedrock principle of preclusion law has been that a reversed judgment cannot support preclusion; . . . an initial reliance on preclusion must be reversed once the underlying judgment is reversed." Levi Strauss & Co. v. Abercrombie & Fitch Trading Co., 719 F.3d 1367, 1372 (Fed. Cir. 2013) (citing, inter alia, DiGaetano v. Texas Co., 300 F.2d 895, 897 (3d Cir. 1962)); see also Erebia v. Chrysler Plastic Prod. Corp., 891 F.2d 1212, 1215 (6th Cir. 1989) ("Where the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates." (citations omitted)). Accordingly, the judgment on which the District Court relied in evaluating preclusion is no longer a valid, final judgment, and the test for issue preclusion is not satisfied. We will thus vacate the District Court's dismissal of Rajan's claims for tortious interference with contract and civil conspiracy and remand to the District Court for further proceedings.[3]

However, we will affirm the District Court's dismissal of Rajan's other two counts

---

Omnibus Agreement Litig., No. 2020-0766-JTL, 2022 WL 4491925 (Del. Ch. Sept. 28, 2022); 2022 WL 4675753 (Del. Ch. Oct. 3, 2022).

[3] Appellees urge us to affirm the District Court on the alternate grounds that Rajan failed to state a claim for relief on these two counts, regardless of preclusion. Because "we ordinarily do not consider issues not addressed by the district court in the first instance," Howard Hess Dental Lab'ys v. Dentsply Int'l, 602 F.3d 237, 253 n.6 (3d Cir. 2010), we decline to evaluate the merits of these claims or the sufficiency of Rajan's pleadings before the District Court has had occasion to do so. Similarly, even assuming that the Appellees correctly identified deficiencies in Rajan's complaint, we cannot say on the record before us whether amendment of these claims would have been futile, and we believe the District Court should undertake that analysis in the first instance. See Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). We also express no opinion on the propriety of staying these proceedings pending resolution of the Stream or Crawford lawsuits.

for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[;] . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

As to Rajan's claim for abuse of civil process, the District Court correctly determined that he had not stated a claim to relief.[4] Rajan argued that the Crawford lawsuit was filed in January 2020 purely to provide the creditors and investors with leverage in the takeover. On appeal, Rajan has narrowed the issue before us to "whether joining a family member (here [Rajan]'s elderly parents) in a suit that was already filed can support claims for abuse of process if . . . the joinder was for unlawful purposes." Appellant Br. 21. On this point, the District Court found that joinder of Rajan's parents in the Crawford lawsuit did not support his claim because they "were involved in the related companies holding the majority of Stream stock," specifically that "Crawford's amended complaint discusses how the Rajan brothers and their father . . . used . . . a family holding company[] to control Stream." Dist. Ct. Mem. Op. 20. We agree and will affirm.

Finally, Rajan claimed that Crawford and Gollop defamed him in the Crawford lawsuit and at other, unspecified times. The District Court correctly held that any allegedly defamatory statements made in the course of the Crawford lawsuit were

---

[4] The District Court construed this claim liberally and considered whether Rajan was attempting to plead a claim for abuse of civil process or for wrongful use of civil proceedings. See Dist. Ct. Mem. Op. 17–20. On appeal, Rajan has expressly disclaimed the latter, see Appellant Br. 21, so we consider only the former.

7

protected by judicial privilege, as they were made by a party in the regular course of judicial proceedings. See Dist. Ct. Mem. Op. 22 (citations omitted); see also Schanne v. Addis, 121 A.3d 942, 947 (Pa. 2015) (explaining that "judicial privilege provid[es] immunity for communications which are made in the regular course of judicial proceedings and are material to the relief sought," and that "the declarant's intent is immaterial even if the statement is false and made with malice"). The District Court provided Rajan an opportunity to file a second amended complaint to add specificity to his allegations about communications from Crawford and Gollop to potential investors. See id. at 23–24. Rather than do so, Rajan first moved for reconsideration, then filed his notice of appeal. Accordingly, we have reviewed Rajan's first amended complaint and agree with the District Court's conclusion that the allegations contained therein fail to allege with specificity the content, timing, and recipients of statements made by Crawford and Gollop. Accordingly, we will affirm the dismissal of this claim.

## III.

For the foregoing reasons, we will vacate the District Court's judgment in part, affirm in part, and remand for further proceedings consistent with this opinion.[5]

---

[5] Appellees' motion to supplement the appendix is granted.