OPINION
{¶ 1} Defendant-appellant, Larry E. Brown ("defendant"), pro se, has appealed the May 28, 2004 judgment entry of the Franklin County Court of Common Pleas. Therein, the court denied defendant's Civ.R. 60(B)(5) motions for relief from judgment after concluding that defendant failed to show entitlement to the sought relief under Civ.R. 60(B).
 {¶ 2} The events giving rise to this case unfolded with the death of defendant's wife, Joyce Brown, in 1996. According to defendant, the couple was looking at possible investment property when Joyce accidentally backed the Jeep they were driving over a 35-foot embankment. Several moments later, flames engulfed the Jeep, preventing defendant's efforts to save her.
 {¶ 3} However, after an investigation by Hocking County authorities, defendant was indicted on charges of murder, arson, and insurance fraud. Accused of murdering his wife by strangulation and setting the Jeep on fire to conceal his crime, defendant proclaimed his innocence and accused Hocking County officials of malevolent motivations behind their investigation. In the end, defendant was acquitted of the criminal charges.
 {¶ 4} In April 1998, as administrator of Joyce Brown's estate, plaintiff-appellee, Barry M. Snow ("plaintiff"), initiated a civil case against defendant. The complaint raised claims for wrongful death and survivorship and alleged that defendant intentionally killed his wife. On July 7, 1999, the "civil murder" trial commenced before a jury, which ultimately returned its verdict finding defendant liable for the death of Joyce Brown and awarded damages. Therefore, on July 27, 1999, the trial court filed a judgment entry finding defendant liable for his wife's death and awarding $850,000 in damages to plaintiff.
 {¶ 5} Subsequently, on November 7, 2002, defendant appealed the trial court's judgment, as well as its disposition of several post-trial motions. Due to the untimely nature of that appeal, this court determined it lacked jurisdiction to entertain defendant's arguments regarding the propriety of the trial court's judgment or a majority of the post-trial motions. However, defendant's final assignment of error challenging the trial court's denial of a Civ.R. 60(B) motion for relief from judgment was subject to review. Still, defendant failed to satisfy the prerequisites for relief from judgment. We therefore affirmed the trial court's judgment. Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234 ("Brown I").
 {¶ 6} Prior to our ruling on appeal, defendant filed a second motion for relief from judgment. Defendant sought relief under the catch-all provision of Civ.R. 60(B)(5) on the grounds that the trial judge violated the Ohio Code of Judicial Conduct by allegedly making inappropriate comments indicating a negative bias against his case while it was an ongoing matter. The trial court granted part of the motion, which sought the recusal of the initial trial judge, but denied the substantive relief due to defendant's failure to produce sufficient reliable evidence of any wrongdoing or prejudice by the court.
 {¶ 7} On April 30, 2001, defendant filed a third Civ.R. 60(B)(5) motion seeking to invalidate the original July 27, 1999 judgment. Therein, defendant asserted seven different grounds for relief. First, defendant claimed that his former attorney showed extraordinary neglect in prejudicing his right to appeal. He then alleged that the trial court abused its discretion by: (1) dismissing the jury before correcting a verdict signed by less than a three-quarters majority; (2) failing to issue a general verdict; and (3) allowing inadmissible evidence that was prejudicial to defendant's case. He also called attention to the "alleged fraud" committed upon the court by both the judge and opposing counsel in conducting an ex parte meeting. Defendant further submitted that opposing counsel participated in additional fraud upon the court by knowingly presenting erroneous information about defendant during the trial. Lastly, he claimed that officers of the court had allowed exculpatory evidence to "disappear" from their possession.
 {¶ 8} On June 11, 2001, the trial court filed a decision and entry denying defendant's motion. Specifically, in regard to any negligence of defendant's former attorney, the trial court found that it could not provide the requested relief based on the claimed neglect. The trial court further reminded defendant that a Civ.R. 60(B)(5) motion is not a substitute for a timely appeal on the merits of a case. Therefore, the arguments emphasizing the trial court's purported abuses of discretion pertaining to the jury verdict and the admission of evidence concerns that could have been raised in a timely appeal were inappropriately submitted and were not addressed. Furthermore, as to the alleged ex parte meeting and the behavior of several officers of the court, the trial court concluded that even assuming the allegations were proven true, defendant failed to establish that any fraud was perpetrated on the court. Rather, such claims are the subjects of merit appeals. Lastly, the trial court found that many of the claims were not brought within a reasonable amount of time.
 {¶ 9} On July 19, 2001, defendant filed another Civ.R. 60(B)(5) motion for relief from judgment. Reasserting that the original judge was engaged in inappropriate conduct disqualifying him from presiding over the trial, defendant claimed that the resulting judgment was void. However, on August 28, 2001, the trial court denied defendant's motion, finding that he had not demonstrated any grounds for the requested relief.
 {¶ 10} Defendant's efforts to appeal the denial of his motions in this court proved to be unsuccessful. See Snow v. Brown, Franklin App. No. 02AP-1236, 2003-Ohio-3300 ("Brown IV"); Snow v. Brown (Sept. 4, 2001), Franklin App. No. 01AP-243 ("Brown II"); Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234 ("Brown I"). Furthermore, on March 12, 2002, defendant's "motions for reconsideration" from the aforementioned appeals were denied. Snow v. Brown (Mar. 12, 2002), Franklin App. Nos. 01AP-764 and 01AP-1018 ("Brown III"). Therein, we noted that defendant's arguments and allegations were either mere extensions of past complaints about the conduct of the trial judge during the civil murder hearing or conspicuous attacks, unsupported by law or legal theory, on prior decisions made by prior courts. Therefore, his appeal was barred by res judicata. Id. Moreover, defendant's attempts to argue the issue of relief from his civil conviction before the United States Sixth Circuit Court of Appeals during litigation arising from a related insurance dispute were wholly rejected.
 {¶ 11} In a further effort to have the July 27, 1999 judgment vacated, defendant filed yet another Civ.R. 60(B)(5) "motion for relief from a fraudulent verdict" on December 24, 2001. Still emphasizing his belief that he was denied due process and a fair trial, defendant continued to argue that fraud was committed on the court in order to obtain the disputed judgment. More particularly, defendant claimed that fraud on the court occurred in the following manner: (1) opposing counsel co-authored the trial courts findings of fact and conclusions of law; (2) defendant's attorney submitted a false affidavit; (3) the trial court accepted a $10,000 bribe to "fix" the case, engaged in ex parte meetings, and conducted the trial inappropriately; (4) jury tampering; (5) fraudulent destruction of court records; and (6) the trial judge's assignment was not journalized until after the conclusion of the hearing. Lastly, defendant prayed for relief based on his attorney's provision of inadequate legal services, as well as the intimidation and threats he suffered at the hands of a mysterious private detective "Guido" under the direction of opposing counsel.
 {¶ 12} Still hoping to have the 1999 judgment vacated, defendant requested an oral hearing regarding the "alleged fraud" committed by the judges and attorneys involved in the matter. Thereafter, on November 4, 2002, the trial court filed a detailed judgment entry denying defendant's motion on the grounds that he failed to demonstrate his entitlement to relief from judgment under any basis found in Civ.R. 60(B). Defendant appealed that ruling, asserting 12 assignments of error. We held that most of the arguments advanced were "exaggerated restatements of allegations already presented before the trial court or on appeal," and, therefore, barred by the doctrine of res judicata. Brown IV, supra, at ¶ 29. We found defendant's remaining arguments to be nothing more than "unsupported allegations and stretches of logic" and denied relief accordingly. Id. at ¶ 30.
 {¶ 13} Defendant filed two additional Civ.R. 60(B) motions on February 6 and March 19, 2003. The trial court determined that the only issue that had not previously been litigated was defendant's claim of "collusion of counsel." (Judgment Entry, at 1.) Despite the untimeliness of defendant's motions, the trial court held a hearing on April 1, 2004, at which defendant presented multiple witnesses and proffered evidence. On May 28, 2004, after considering the testimony and evidence admitted at the hearing, the trial court denied defendant's motions and concluded that defendant did not present any evidence, direct or circumstantial, of any alleged misconduct that his attorney, Mr. Terry Van Horn ("Van Horn") intentionally colluded with plaintiff's attorney, Mr. Michael Irwin ("Irwin"). Id. at 3. It is this judgment from which defendant appeals.
 {¶ 14} Defendant assigns the following assignments of error:
[1.] The fraud hearing court grossly abused its discretion and erred as a matter of law when the court ignored perjury committed by officer of the court terry dale vanhorn whose testimony on april 1, 2004 was in direct conflict with his testimony on april 1, 2002. [sic]
[2.] The fraud hearing court committed error to the major prejudice of appellate and unconscionably abused its discretion as a matter of law when it denied that a document from Mr. Irwin to the defendant's attorney Mr. Vanhorn releasing mr. vanhorn from professional negligence did not amount to collusion. [sic]
[3.] The fraud hearing court unconscionable abused its discretion and erred as a matter of law when the bench failed to recognize the fact that vanhorn utterly failed to object and thereby clearly aided and abetted the opposing side when the trial judge shut down every single day for personal business thereby obviously prejudicing his defense. [sic]
[4.] The fraud hearing court abused its discretion when it denied that the defendant presented neither direct evidence nor circumstantial evidence that misconduct of his attorney occurred and it was intentionally planned in concert with the plaintiff's attorney, Mr. Irwin. [sic]
[5.] The fraud hearing court grossly abused its discretion by denying that the release of information to the jury of the defendant's prior criminal record was not collusion. [sic]
[6.] The fraud hearing court erred to the clear prejudice of appellate when the court failed to consider the massive accumulation of fraud-based actions committed by appellate's attorney. [sic]
[7.] The fraud hearing court abused its discretion and erred as a matter of law when the bench ignored appellant's attorney's failure to question the private detective tampering with evidence and submission of a false police report and thereby intentionally denying the jury crucial information. [sic]
[8.] The fraud hearing court abused its discretion to the enormous prejudice of appellant by ignoring the obvious collusion effect of lack of objection by vanhorn to the egregious conflict of interest of the medical examiner.[sic]
[9.] The fraud hearing court abused its discretion and showed clear bias and prejudice by siding with vanhorn over the so called legal "release" allegedly orchestrated by client larry brown, how disingenuous can a court be. [sic]
[10.] The fraud hearing court grossly abused its discretion and err ed as a matter of law when the bench totally ignored the accumulation factor when 17 very revealing exhibits and five hours of testimony clearly established that massive collusion existed as vanhorn did much more for the opposing side that he did for his own client. [sic]
[11.] The fraud hearing court abused its discretion when it ignored the significance of the settlement agreement turning down a potential $10 million to have truthful testimony from trial judge tommy thompson. [sic]
[12.] The fraud hearing court judge abused his discretion when he totally ignored the fact that it was obvious collusion when appellate's attorney utterly failed to present to the jury brown's egregious life threatening injury medical records to the jury. [sic]
 {¶ 15} As is pertinent to this appeal, Civ.R. 60(B) states that, "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment." Id. A motion filed under this rule must be made within a reasonable time. Id. It is also important to note that a Civ.R. 60(B)(5) motion may not be used as a substitute for a timely appeal. State exrel. Richard v. Cuyahoga Cty. Commrs. (2000), 89 Ohio St.3d 205, 206. Thus, any errors that could have been raised or corrected by a timely appeal cannot act as the foundation for a Civ.R. 60(B) motion. Kelm v.Kelm (1992), 73 Ohio App.3d 395, 399. In reviewing the trial court's disposition of a Civ.R. 60(B) motion, we determine only whether the trial court committed an abuse of discretion; i.e., whether the decision is the product of an unreasonable, arbitrary or unconscionable court. State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151.
 {¶ 16} While presented in various forms, alleged acts of collusion and judicial misconduct are the gravamen of the allegations presented in defendant's motions. Those theories of relief fall within the catchall provision of Civ.R. 60(B)(5) reflecting the court's inherent power to relieve a party from unjust operation of a judgment. Klee v. Pipitone
(Oct. 25, 1993), Portage App. No. 93-P-0004; Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, 154, citing Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64.
 {¶ 17} Although defendant's assignments of error are phrased to conform to the language of Civ.R. 60(B)(5), most are simply restatements of allegations that have already been presented and rejected at the trial court level or on appeal. The remaining claims merely reflect old accusations now aimed at new targets, namely, Van Horn and the Hon. Everett H. Krueger, who was assigned to the case after defendant levied accusations against the first assigned judge, who had replaced the initial trial judge due to the allegations defendant made against him. A review of the arguments asserted by defendant herein discloses that these are the same arguments that have already been disposed of in Brown I-IV,
but now instead of alleging "fraud," defendant alleges "collusion." Thus, for the reasons that follow, we affirm the judgment of the trial court.
 {¶ 18} As an initial matter, we note that in Brown IV, which concerned defendant's claims of "fraud," we held that "even if [defendant's] stated complaints were better suited to an alternative basis for relief, they have been time barred." Brown IV, at ¶ 33. Given the prior ruling of this court, the law of the case doctrine is implicated. Under that doctrine, the decision of a reviewing court remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984),11 Ohio St.3d 1, 3. As such, the trial court could not grant defendant's motions because we previously held that any alternate theories for relief were time barred. By the same token, the law of the case doctrine likewise prevents us from considering the merits of defendant's motions.
 {¶ 19} In addition to defendant's claims being time barred, the doctrine of res judicata also operates to bar the relief defendant seeks. The judgment from which defendant seeks relief was entered in 1999. To date, defendant has filed 12 Civ.R. 60(B) motions. In that regard, the civil rules of procedure simply do not permit the serial filing of piecemeal Civ.R. 60(B) motions. It is well-established that "[w]hen a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." BrickProcessors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus. This case is the embodiment of that rule. Although defendant now couches some of his arguments in terms of "collusion," it was incumbent upon defendant to present all his theories of relief in his first Civ.R. 60(B) motion. Unfortunately, that was not done. Therefore, defendant's 12 assignments of error are barred by the doctrine of res judicata.
 {¶ 20} It is unfortunate that defendant was unable to have a merit review of the alleged errors at trial, and we understand his frustrations. Notwithstanding, the law does not entitle defendant to any relief, and we are obligated to follow the law.
 {¶ 21} For the foregoing reasons, defendant's 12 assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant Sadler, JJ., concur.