[Cite as *Geico Indemn. Co. v. August*, 2023-Ohio-1196.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

GEICO Indemnity Company et al.,     :

      Plaintiffs-Appellants,     :

              No. 22AP-423

v.     :      (M.C. No. 2016CVE-004264)

Daniel C. August,     :      (REGULAR CALENDAR)

      Defendant-Appellee.     :

---

D E C I S I O N

Rendered on April 11, 2023

---

**On brief:** *Kreiner & Peters Co. LPA*, and *Daran P. Kiefer* for appellants. **Argued:** *Daran P. Keifer*.

**On brief:** *Daniel C. August*, pro se. **Argued:** *Daniel C. August*.

---

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Plaintiffs-appellants, GEICO Indemnity Insurance Company ("GEICO") and Tenisha Ballard Rubbins (collectively "appellants"), appeal from a judgment of the Franklin County Municipal Court granting the motion of defendant-appellee, Daniel C. August, to vacate a default judgment. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶ 2} On February 9, 2016, appellants filed a complaint alleging that Mr. August was liable for $14,419.70 in damages resulting from a July 28, 2014 auto accident between Mr. August and GEICO's insured, Ms. Rubbins. (Feb. 9, 2016 Compl.) On February 29, 2016, summons issued via certified mail to Mr. August at 380 Forest Street Apt. E, Columbus, Ohio. The summons returned unclaimed on March 28, 2016. On April 14, 2016, service of summons issued via ordinary U.S. Mail to Mr. August at 380 Forest Street Apt. E,

Columbus, Ohio. The ordinary mail service was not returned. Mr. August did not answer the complaint or appear in the action. Appellants filed a motion for default judgment on May 26, 2016. On May 31, 2016, the trial court granted appellants default judgment against Mr. August in the amount of $14,419.70 plus three percent interest and costs.

{¶ 3} Mr. August filed a pro se motion to vacate the default judgment on February 19, 2020, alleging that he was not involved in the July 28, 2014 auto accident. Mr. August asserted in the motion that the driver of the vehicle involved in the accident was Keith Clardy, who Mr. August was in a relationship with at the time. Mr. August further asserted that he moved to California in August of 2014 and had no knowledge of the present case until he moved back to Ohio in September of 2019, more than three years after the trial court granted default judgment against him. Mr. August supported his motion with a January 31, 2020 affidavit from Mr. Clardy, in which Mr. Clardy averred that he was involved in the July 28, 2014 accident and gave the officer who arrived at the scene of the accident Mr. August's name and social security number instead of his own. (Feb. 19, 2020 Mot. to Vacate, Doc. No. 3.) Mr. August also supported the motion with a December 9, 2019 notarized promissory note from Mr. Clardy promising to pay GEICO the sum of $16,705.66 as satisfaction for the judgment in the case. (Feb. 19, 2020 Mot. to Vacate, Doc. No. 4.) Appellants filed a memorandum opposing Mr. August's motion to vacate the default judgment on March 23, 2020.

{¶ 4} On March 24, 2020, without holding a hearing, the trial court granted Mr. August's motion to vacate the default judgment. The trial court set aside the May 31, 2016 default judgment and instructed appellants to "perfect service on appropriate Defendant within 30 days." (Mar. 24, 2020 Entry.)

{¶ 5} Appellants appealed the March 24, 2020 judgment entry to this court. In their appeal, appellants asserted that the trial court erred by granting the motion to vacate because Mr. August filed the motion nearly four years after the court entered default judgment, and because the court failed to make the findings required by *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976). *See GTE*, paragraph two of the syllabus (holding that, in order to prevail on a motion for relief from judgment under Civ.R. 60(B), a party must establish (1) that the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken).

{¶ 6} In *GEICO Indem. Ins. Co. v. August*, 10th Dist. No. 20AP-232, 2021-Ohio-2118 ("*August I*"), rendered June 24, 2021, this court reversed the trial court's March 24, 2020 judgment and instructed the trial court to reinstate the May 31, 2016 default judgment on remand. We observed that " ' "unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment." ' " *Id*. at ¶ 13, quoting *Fields Excavating, Inc. v. Welsh Elec. Co.*, 10th Dist. No. 04AP-150, 2005-Ohio-708, ¶ 8, quoting C*oleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. No. 84274, 2004-Ohio-5854, ¶ 76. Because Mr. August "did not submit a sworn affidavit" with his motion to vacate the default judgment "attesting that he was never served with the complaint," we concluded that the trial court erred by granting the motion. *Id*. at ¶ 15. We further concluded that, because Mr. August's motion to vacate was premised "upon 'new evidence' and/or 'mistake' " and filed nearly four years after the default judgment, the motion was "untimely per se." *Id*. at ¶ 16. On July 29, 2021, the trial court vacated its March 24, 2020 judgment entry and reinstated the May 31, 2016 default judgment.

{¶ 7} On September 21, 2021, Mr. August filed another pro se motion to vacate the default judgment. Mr. August asserted in the motion that he was entitled to relief from judgment under Civ.R. 60(B)(1), (2), or (3). Mr. August notarized the September 21, 2021 motion, and asserted that the 2016 service of process was sent to his "former address" in Columbus, Ohio, that he moved to California in August of 2014, and that "SERVICE of SUMMONS was never properly issued upon [him]." (Sept. 21, 2021 Mot. to Vacate at 2.) Mr. August also submitted his sworn statement with the motion averring that he "first learned of this matter in September of 2019" when he moved back to Ohio and went to the Ohio Bureau of Motor Vehicles. (Mr. August Sworn Statement at 3.)

{¶ 8} Appellants filed a memorandum in opposition to Mr. August's motion on October 13, 2021. Appellants argued that res judicata barred the court from considering Mr. August's September 21, 2021 motion because Mr. August filed a prior motion to vacate the default judgment and did not attempt to appeal *August I* to the Supreme Court of Ohio.

Appellants further asserted that the September 21, 2021 motion was untimely, as the motion sought relief under Civ.R. 60(B)(1), (2), and (3) and was filed more than one year after the default judgment.

{¶ 9} On March 4, 2022, the trial court issued an entry stating that it would hold an evidentiary hearing on Mr. August's September 21, 2021 motion. The court noted that, while Mr. August's motion cited Civ.R. 60(B), "the crux of his argument [was] that he was not served with the complaint in this matter." (Mar. 4, 2022 Decision at 2.) As such, the court concluded that the September 21, 2021 motion was not a successive Civ.R. 60(B) motion, but a motion to vacate the default judgment due to lack of service of process. Appellants objected to the court's decision to conduct an evidentiary hearing on the motion.

{¶ 10} At the May 25, 2022 evidentiary hearing, Mr. August testified that he "had been living in California for almost 20 months" when the 2016 service of process was sent to his former Columbus, Ohio address. (May 25, 2022 Tr. at 9.) He stated that "[n]o service was ever made to [him] in California" and that service was never "properly rendered." (Tr. at 9, 22.) On cross-examination, Mr. August admitted that he never notified the Ohio Bureau of Motor Vehicles of his new address after he moved to California. (Tr. at 36.) The court admitted into evidence a lease agreement Mr. August executed on August 22, 2014 for a residence in Los Angeles, California, and statements Mr. August made on Facebook in 2014, 2015, and 2016 regarding his life in California. (Tr. Ex. at 4, 5, 6, 7, and 9.)

{¶ 11} On June 15, 2022, the trial court issued a decision granting Mr. August's September 21, 2021 motion to vacate the default judgment due to lack of service of process. The court noted that since the April 14, 2016 ordinary mail service sent to the Forest Street address was not returned, there was a presumption of proper service in the case. The court found that Mr. August "rebut[ted] the presumption of proper service through his credible and uncontroverted testimony" at the May 25, 2022 hearing, indicating "that he did not receive the service of process." (June 15, 2022 Decision at 3.) The court further found that appellants failed to present any evidence demonstrating that Mr. August received the service delivered to the Forest Street address in 2016. As such, the court again vacated the May 31, 2016 default judgment.

## II. Assignments of Error

Appellants appeal, assigning the following errors for our review:

I. Trial Court committed error by considering a second motion to vacate regarding service as the motion was barred by the principle of "res judicata".

II. The Trial Court erred in granting the second "Motion to Vacate" as no appeal was taken by Appellee from the denial of his first motion.

### III.  First Assignment of Error–Res Judicata

{¶ 12}  Appellants' first assignment of error asserts that res judicata barred the trial court from considering Mr. August's September 21, 2021 motion to vacate the default judgment. Initially, we note that although Mr. August's September 20, 2021 pro se motion sought relief under Civ.R. 60(B), it was a common law motion to vacate judgment.  *See, e.g.*, *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161 (10th Dist.1993).

{¶ 13}  To render a valid judgment, a court must have personal jurisdiction over the defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).  A court may acquire personal jurisdiction over the defendant "either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Id.*  The duty to perfect service of process is upon the plaintiff.  *Id.* at 159.  If a plaintiff fails to perfect service on a defendant, and the defendant has not appeared in the action or waived service, a trial court lacks the jurisdiction to enter judgment against the defendant.  *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. No. 05AP-51, 2005-Ohio-5924, ¶ 27; *Reliable Auto Fin., Inc. v. Kelly*, 10th Dist. No. 20AP-518, 2021-Ohio-2851, ¶ 12.

{¶ 14}  A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, not merely voidable.  *Mun. Tax Invest, LLC v. Pate*, 10th Dist. No. 16AP-218, 2016-Ohio-7791, ¶ 9, citing *Beachler v. Beachler*, 12th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 13. When a defendant claims the trial court lacked personal jurisdiction over them due to improper service of process, "the appropriate method to challenge such void judgment is through a common law motion to vacate." *Chuang Dev. LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 29.  *Accord James v. Top of the Hill Renovations*, 10th Dist. No. 15AP-888, 2016-Ohio-1190, ¶ 9 (stating that a "common law motion to vacate is utilized to set aside a judgment rendered by a court that

has not acquired personal jurisdiction over the defendant"). *See also Galbreath v. Martin*, 10th Dist. No. 11AP-348, 2011-Ohio-5852, ¶ 8, quoting *Oxley v. Zacks*, 10th Dist. No. 00AP-247, 2000 Ohio App. LEXIS 4500 (Sept. 29, 2000), quoting *Nationwide Ins. Co. v. Mahn*, 36 Ohio App.3d 251, 252 (10th Dist.1987) (holding that if "an uncontroverted affidavit stating that the movant did not receive service of process is attached to a motion to vacate judgment, the movant ' "should be afforded the opportunity at an evidentiary hearing to contest the issue of notice" ' ").

{¶ 15} If a defendant attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate judgment. *Mun. Tax Invest, LLC* at ¶ 9. *Accord CompuServe, Inc.*, 91 Ohio App.3d at 161 (emphasis sic) (stating that it is "not significant that the motion [seeking to challenge a void judgment] is *styled* as one made pursuant to Civ.R. 60(B)"); *Beachler* at ¶ 19 (stating that where "a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate or set aside the judgment"). The authority to vacate a void judgment arises from the inherent power possessed by Ohio courts, not Civ.R. 60(B). *Bendure v. Xpert Auto, Inc.*, 10th Dist. No. 11AP-144, 2011-Ohio-6058, ¶ 16; *Galbreath* at ¶ 8, quoting *Oxley* (stating that a " 'default judgment entered without proper service of process is void and * * * the authority to vacate such a judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power of the court.' "). Thus, to obtain relief from a void judgment, a movant need not satisfy the requirements of Civ.R. 60(B). *Gupta v. Edgecombe*, 10th Dist. No. 03AP-807, 2004-Ohio-3227, ¶ 12, quoting *State ex rel. Fairfield Co. CSEA v. Landis*, 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432, ¶ 16; *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. *See Beachler* at ¶ 18-19 (explaining that "Civ.R. 60(B) motions apply only to judgments that are voidable," not void.).

{¶ 16} Because Mr. August neither appeared in the action nor waived service before the court entered default judgment, the trial court could only acquire personal jurisdiction over him through service of process. In his notarized September 21, 2021 motion, Mr. August stated that he never received service of process in the present case. As such, the trial court correctly treated Mr. August's September 21, 2021 motion as a common law motion to vacate judgment. An appellate court reviews a trial court's decision to grant or deny a common law motion to vacate judgment for an abuse of discretion. *Reliable Auto Fin., Inc.*

at ¶ 11; *Bendure* at ¶ 16; *Mun. Tax Invest, LLC* at ¶ 9; *James* at ¶ 9. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). *See also Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985).

{¶ 17} Appellants contend that res judicata barred the trial court from considering Mr. August's September 21, 2021 motion because Mr. August previously filed a motion to vacate the default judgment on February 19, 2020. (Appellants' Brief at 13-14.) The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Thus, " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.' * * * The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." (Emphasis sic.) *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). *See also Grava* at 381 (stating that res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)"). Res judicata "promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard." *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, ¶ 45, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. "The applicability of the doctrine of res judicata presents a question of law we consider de novo." *Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18, citing *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 11.

{¶ 18} Appellants cite several cases for the proposition that res judicata " 'prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in [the party's] prior [Civ.R. 60(B)] motion.' " *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 8, quoting *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶ 16. (Appellants' Brief at 13-14, citing *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, ¶ 8; *Caron v.*

*Manfresca*, 10th Dist. No. 98AP-1399 (Sept. 23, 1999); *Snow v. Brown*, 10th Dist. No. 04AP-507, 2005-Ohio-2333, ¶ 19; *Gilson v. Am. Inst. of Alternative Med.*, 10th Dist. No. 15AP-548, 2016-Ohio-1324, ¶ 73; *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478 (8th Dist.1981), paragraph one of the syllabus (stating that "[w]hen a motion to vacate or for relief from judgment has been denied, principles of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.")).

{¶ 19} However, in each case appellants cite, the trial court's initial ruling on a motion for relief from judgment was not reversed on appeal. As such, the trial court's initial ruling on a motion for relief from judgment was a prior, valid judgment entitled to preclusive effect against a subsequent motion. *See Harris* at ¶ 3-5 (denial of initial Civ.R. 60(B) motion not reversed on appeal); *Chambers-Smith* at ¶ 4-5 (denial of initial Civ.R. 60(B) motion not appealed); *Caron* (denial of initial Civ.R. 60(B) motion affirmed on appeal); *Snow* at ¶ 5 (denial of initial Civ.R. 60(B) motion affirmed on appeal); *Brick Processors, Inc.* at 478 (denial of initial Civ.R. 60(B) motion not appealed); *Gilson* at ¶ 30-33 (case involved only one Civ.R. 60(B) motion, not multiple).

{¶ 20} In the present case, the trial court granted Mr. August's initial motion to vacate the default judgment and, in *August I*, this court reversed that ruling and remanded the case. The effect of our reversal in *August I* was to reinstate the case to the point before the trial court ruled on Mr. August's initial motion to vacate. *See Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987), quoting 5 Ohio Jurisprudence 3d 426, Appellate Review, Section 717 (1978) (stating that the effect of an appellate court's reversal and remand is to return the case "to the Court of Common Pleas *in statu quo ante*. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal' "); *Erie Ins. Exchange v. Colony Dev. Corp.*, 10th Dist. No. 00AP-1334, 2001 Ohio App.LEXIS 2589 (June 12, 2001); *In re Hare*, 4th Dist. No. 95 CA 2395, 1996 Ohio App.LEXIS 1371, *7 (Mar. 25, 1996) (explaining that, because the appellate court reversed the trial court's order adjudicating children to be abused/dependent due to "insufficient evidence," the trial court on remand properly "proceeded from the point at which the error occurred" and permitted the appellee to "continue the presentation of its case").

{¶ 21} "It is well established that when a judgment has been vacated, reversed or set aside on appeal, it is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel." *State v. Baron*, 156 Ohio App.3d 241, 2004-Ohio-747, ¶ 18 (8th Dist.), citing *Erebia v. Chrysler Plastic Prod. Corp.*, 891 F.2d 1212, 1215 (6th Cir.1989). *See Erebia* at 1215, quoting *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir.1988) (stating that " 'when a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel,' " and where a "prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates"); *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir.1980) (stating that a "reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata"); *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-634, 2020-Ohio-6839, ¶ 37-38 (stating that, because the appellate court reversed the trial court's prior judgment granting "dismissal for failure to state a claim, * * * 'there was no final judgment upon the merits in this case prior to trial' "); *Metropolis Night Club, Inc. v. Ertel*, 104 Ohio App.3d 417, 419 (8th Dist.1995) (finding the reversal of a previous judgment meant there was no " 'existing final judgment' on which to base the doctrine of res judicata"). *See also State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, ¶ 15, quoting 1 Restatement of the Law 2d, Judgments Section 16 at 146, Comment c (1982); *Schwartz v. Realtispec, Inc.*, 11th Dist. No. 2003-L-001, 2004-Ohio-1664, ¶ 12; *Moccabee v. Bashore*, 6th Dist. No. L-21-1016, 2021-Ohio-4345, ¶ 40.

{¶ 22} Appellants contend that res judicata barred the trial court "from considering [Mr. August's] second 'motion to vacate the judgment' based upon lack of service as it was raised and denied by this Court on appeal from the first judgment." (Appellants' Brief at 18.) Appellants also contend that *August I* "remanded the case with instructions to the trial court to reinstate the judgment denying the 'motion to vacate.' " (*Id.* at 19-20.) However, *August I* did not deny Mr. August's initial motion to vacate the default judgment or instruct the trial court to reinstate a judgment denying Mr. August's initial motion.[1] Our decision in *August I* simply reversed the trial court's ruling on Mr. August's initial motion to vacate

---

[1] It would have been impossible to "reinstate" a judgment denying Mr. August's initial motion to vacate, because the trial court granted Mr. August's initial motion to vacate.

and instructed the court to reinstate the May 31, 2016 default judgment. The reinstated 2016 default judgment could not have preclusive effect against a subsequent motion seeking to vacate that default judgment.[2]

{¶ 23} Appellants lastly contend that the trial court believed Mr. August could "just keep filing 'motions' seeking to vacate the judgment until he gets it right." (*Id*. at 24.) "[O]nce a jurisdictional issue has been fully litigated and determined by a court that has authority to pass on the issue, such determination is res judicata in a collateral action." *Dunlop v. Ohio Dept. of Job & Family Servs*., 10th Dist. No. 19AP-58, 2019-Ohio-3632, ¶ 14. Thus, "after litigation of a personal jurisdiction question, the trial court's determination that it has personal jurisdiction is not subject to collateral attack." *Bakhtiar v. Saghafi*, 8th Dist. No. 106587, 2018-Ohio-3796, ¶ 19, citing *State ex rel. DeWine v. C&D Disposal Techs*., 7th Dist. No. 13 JE 38, 2016-Ohio-476, ¶ 26. *See also In re A.R.*, 10th Dist. No. 16AP-482, 2017-Ohio-1575, ¶ 10, citing *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 23 (holding that while "subject-matter jurisdiction may be raised at any time," once a "jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, such determination is res judicata in a collateral action"). In the present case, however, the question of whether the trial court had personal jurisdiction over Mr. August was not fully litigated or resolved at the time Mr. August filed his September 21, 2021 motion to vacate the default judgment.

{¶ 24} Because *August I* reversed the trial court's decision granting Mr. August's initial motion to vacate the default judgment, there was no valid judgment ruling on Mr. August's initial motion when he filed his second motion to vacate the default judgment. As such, res judicata did not bar the trial court from ruling on Mr. August's September 21, 2021 motion to vacate the default judgment. Appellants' first assignment of error is overruled.

## IV. Second Assignment of Error–Substitute for Appeal

{¶ 25} Appellants' second assignment of error asserts the trial court erred by granting the September 21, 2021 motion to vacate the default judgment because Mr. August did not appeal *August I* to the Supreme Court. Appellants correctly note that a party may

---

[2] In their reply brief, appellants also state that *August I* "found 'service' was properly achieved due to a lack of evidence to contradict the docket in the first motion to vacate judgment." (Reply Brief at 8.) However, *August I* never found the 2016 service to be proper; rather, *August I* simply held that Mr. August failed to present a sworn affidavit with his initial motion to vacate averring that he never received service of process.

not use a Civ.R. 60(B) motion as a substitute for a timely appeal. *See Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus; *Harris* at ¶ 9; *Timmons v. Emch*, 10th Dist. No. 14AP-146, 2014-Ohio-3400, ¶ 10 (finding it "well-established that a party may not use a Civ.R. 60(B) motion to argue issues it could have raised in an appeal from the trial court's original judgment").

{¶ 26} However, as discussed above, Mr. August's September 20, 2021 motion was a common law motion to vacate, not a Civ.R. 60(B) motion. Moreover, a "Civ.R. 60(B) motion [does] not constitute a substitute for appeal where the arguments raised did not concern the merits of the case and could not have been raised on appeal." *In re P.L.H.*, 12th Dist. No. CA2018-01-009, 2018-Ohio-3853, ¶ 18. *Accord State v. Potts*, 7th Dist. No. 05-JE-14, 2006-Ohio-7057, ¶ 34; *Miller v. Sun Castle Ents.*, 11th Dist. No. 2007-T-0054, 2008-Ohio-4669, ¶ 43. Mr. August's September 21, 2021 motion did not argue that *August I* was wrongly decided, and the motion presented new evidentiary material which could not have been presented in an appeal from *August I* to the Supreme Court. *See Columbus v. Hawkins*, 10th Dist. No. 10AP-1150, 2011-Ohio-4517, ¶ 16 (stating that "appellate review is strictly limited to the record, and this court cannot consider matters outside the record that were not part of the trial court proceedings"); App.R. 12(A)(1)(b). Thus, the September 21, 2021 motion was not a substitute for a timely appeal. Appellants' second assignment of error is overruled.

## V. Conclusion

{¶ 27} Having overruled appellants' first and second assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JAMISON and BOGGS JJ., concur.

————————————