[Cite as *U.S. Bank Trust, N.A. v. Williams*, 2024-Ohio-3377.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. Bank Trust, N.A., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-652 |
| v. | : | (C.P.C. No. 19CV-7085) |
| Charles Williams, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 3, 2024

**On brief:** *Wood + Lamping, LLP, C.J. Schmidt, Daniel A. Cox*, and *Tyler C. Arnzen* for appellant. **Argued:** *C.J. Schmidt.*

**On brief:** *Bruce M. Broyles* for appellee. **Argued:** *Bruce M. Broyles.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, U.S. Bank Trust, N.A. ("the Bank"), appeals a final judgment of the Franklin County Court of Common Pleas vacating its prior decision granting summary judgment and default judgment for the Bank and instead rendering a decision on the merits in favor of defendant-appellee, Charles Williams, Jr. For the following reasons, we affirm in part and reverse in part, and remand this matter to the trial court.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} The Bank filed a foreclosure action against Mr. Williams, Regina Blount-Williams, and other defendants on August 30, 2019. Mr. Williams was the only defendant to file an answer. (*See* Oct. 31, 2019 Answer.) On June 2, 2021, the Bank filed a motion for summary judgment against Mr. Williams and attached an affidavit from records custodian

Jordan Kahoalii. That same day, the Bank also moved for default judgment against the other defendants.

{¶ 3} Following review, the trial court granted both motions in the same judgment entry. (*See* Oct. 11, 2021 Jgmt. Entry.) The court noted all necessary parties had "been duly served with Summons and a copy of the Complaint, or by publication with proof of the last date of publication filed with the Court" and found all but Mr. Williams in default for failure to respond to the complaint. (Oct. 11, 2021 Jgmt. Entry at 1-2.) And, in granting summary judgment, the trial court found no genuine dispute of material fact remained as to the Bank's entitlement to the amount due on the mortgage.

{¶ 4} On November 8, 2021, Mr. Williams appealed the trial court's decision, raising three assignments of error for this court's review. In his first assignment of error, he asserted "the trial court erred in granting summary judgment when a genuine issue of material fact remained as to [the Bank]'s right to enforce the mortgage as demonstrated by the chain of assignments of the mortgage." (Capitalization omitted.) *U.S. Bank Trust Natl. Assn. v. Williams*, 10th Dist. No. 21AP-576, 2022-Ohio-4590, ¶ 6 ("*Williams I*"). In his second assignment of error, he argued "the trial court erred in granting summary judgment when a genuine issue of material fact remained as to the amount of principal and interest due." (Capitalization omitted.) *Id.* And in his third assignment of error, he asserted "the trial court erred in failing to consider [his arguments] regarding the inadmissible hearsay and the confusing nature of the payment history when rendering summary judgment." (Capitalization omitted.) *Id.* In a decision dated December 20, 2022, this court overruled Mr. Williams' first and third assignments of error and sustained his second assignment of error. With respect to the second assignment of error, we concluded the trial court erroneously relied on Ms. Kahoalii's testimony as to the amount due because it was based, in part, on unauthenticated business records and therefore constituted impermissible hearsay evidence. *Id.* at ¶ 37-39. We remanded the case "for further proceedings consistent with law and th[e] decision." *Id.* at ¶ 40.

{¶ 5} In light of our remand, the trial court scheduled a bench trial for February 3, 2023. (*See* Dec. 21, 2022 Notice of Trial.) The scope of the remand seemed relatively clear in the days leading up to trial and during the trial itself. The Bank filed a motion for leave to file a new summary judgment motion, which the trial court denied on January 18, 2023.

In its entry denying the Bank's motion, the court indicated its understanding of the scope of the remand: "[T]his matter is on remand from the Tenth District Court of Appeals as a result of a defective affidavit. The Court finds that live testimony from the plaintiff at the trial is the best way to cure the defect." (Jan. 18, 2023 Entry Den. Pl.'s Mot. for Leave.)

{¶ 6} At trial, attorneys for the Bank and Mr. Williams seemed to agree on the scope of the remand. Counsel for the Bank stated, "The lone remand issue from the appellate court was that the amount due and owing from the affidavit of the servicer, SN Servicing, was stricken due to the pay history not being -- the pay history not being acknowledged." (Feb. 3, 2023 Trial Tr. at 5-6.) And Mr. Williams' attorney acknowledged "the issue we're here for today is whether or not they can properly adopt these business records." (Feb. 3, 2023 Trial Tr. at 39.)

{¶ 7} During the bench trial, the Bank called Bernie Castro, an employee of FCI Lender Services ("FCI"), the current loan servicing company on the mortgage note, to testify regarding the amount owed, the payment history, and FCI's standard procedures for incorporating prior payment history into its own business records. The Bank did not "submit a payment history to be authenticated at trial, and instead, relied solely on Mr. Castro's testimony to establish the amount due on the note." (Sept. 26, 2023 Jgmt. Entry at 4.) As noted by both parties, Mr. Castro refreshed his recollection by reviewing a payoff report (Feb. 3, 2023 Trial Tr. at 13) and then repeatedly testified that the total amount due on the mortgage was $377,862.90 (*see, e.g.*, Feb. 3, 2023 Trial Tr. at 13, 20, 25). On cross-examination, Mr. Castro was unable to answer some of Mr. Williams' attorney's questions regarding the payment history and prior servicing records. For example, he could not fully explain why the records contained some transactions indicating payments or debits without a change in the principal balance owed on the mortgage note. (Feb. 3, 2023 Trial Tr. at 23-24.) He also had to speculate as to why some transactions were not listed in chronological order and what occurred on July 12, 2018, which is associated in the records with multiple transactions. (Feb. 3, 2023 Trial Tr. at 24-27.)

{¶ 8} In written closing arguments, both parties again agreed as to the scope of the remand. Mr. Williams' attorney wrote, "This Court should find that the re [sic] was insufficient evidence set forth as to the amount due and owing by Defendant Charles Williams Jr., render judgment in favor of Charles Williams Jr., and dismiss Plaintiff's

complaint." (Def.'s Written Closing Argument at 5.) And counsel for the Bank stated, "This trial was held, due to the remand from the appellate court which held that a genuine issue of material fact remains as to the amount due and owing, because Affiant failed to address the foundation for the admission of an adoptive business record." (Pl.'s Closing Argument at 1.)

{¶ 9} Despite this seeming agreement that the remand would be limited to the balance on the mortgage note, the trial court "construed [our] reversal of its [October 11, 2021] judgment as rendering it void and of no effect." (Sept. 26, 2023 Jgmt. Entry at 1, citing *GEICO Indemn. Co. v. August*, 10th Dist. No. 22AP-423, 2023-Ohio-1196, ¶ 21 ("*August II*").) Based on that understanding of its scope of review and the evidence presented at trial, the court rendered judgment in favor of Mr. Williams, concluding that the Bank failed to prove by a preponderance of the evidence satisfaction of all conditions precedent and the principal and interest due on the mortgage. (Sept. 26, 2023 Jgmt. Entry at 5-6.)

{¶ 10} The Bank filed a timely notice of appeal from that decision and raises the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN OVERTURNING THE ENTIRETY OF ITS PRIOR ORDER GRANTING U.S. BANK'S MOTION OF DEFAULT AGAINST THE DEFAULTED DEFENDANTS [] SINCE THE PRIOR DECISION OF THIS COURT [] WAS SILENT AS TO THE MOTION OF DEFAULT.
>
> [II.] THE TRIAL COURT ERRED IN FINDING THAT CONDITIONS PRECEDENT TO A MORTGAGE FORECLOSURE HAD NOT OCCURRED.
>
> [III.] THE TRIAL COURT ERRED IN FINDING THAT THE AMOUNT OF PRINCIPAL AND INTEREST DUE WAS NOT PROVEN.

## II. ANALYSIS

### A. First Assignment of Error

{¶ 11} In its first assignment of error, the Bank asserts the trial court misapplied our holding in *August II* and erroneously vacated the default judgment it had previously granted against Regina Blount-Williams and other defendants. We agree.

{¶ 12} The trial court's September 26, 2023 judgment entry granted summary judgment as to Mr. Williams **and** default judgment as to the remaining defendants who did not respond to the Bank's pleadings. Mr. Williams was the only party to appeal the trial court's judgment, and he raised issues pertaining **only** to the trial court's summary judgment ruling. And we reversed the trial court's judgment **only** as to the summary judgment determination. Yet, on remand, the trial court relied on *August II* to conclude that the **entirety** of its October 11, 2021 entry—as to the default judgment and summary judgment—was vacated by our decision.

{¶ 13} The trial court's reliance on *August II* in this regard was misplaced. The facts and procedural background giving rise to that decision are wholly distinguishable. In *GEICO Indem. Ins. Co. v. August*, 10th Dist. No. 20AP-232, 2021-Ohio-2118 ("*August I*"), the trial court had granted **only** a motion to vacate a default judgment. We reversed and remanded, noting "the trial court abused its discretion and erred in granting the motion of [Mr. August] to set aside judgment because it was not supported by any proper evidence and because it was almost four years after the entry of default was issued." *Id*. at ¶ 17. That earlier appeal concerned **only** the trial court's decision to grant a motion to vacate a default judgment. Therefore, in *August II*, when we noted that a judgment vacated, reversed, or set aside on appeal "is thereby deprived of all conclusive effect," we were referring only to judgments actually addressed on appeal. *See August II* at ¶ 21, quoting *State v. Baron*, 156 Ohio App.3d 241, 2004-Ohio-747, ¶ 18, quoting *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1215 (6th Cir.1989) (" 'When a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force.' "). In *August II*, that happened to include the entire trial court entry, as the only matter addressed in the entry was a motion to vacate the default judgment.

{¶ 14} Here, although the trial court addressed both default judgment and summary judgment in the same entry, Mr. Williams' appeal raised assignments of error concerning only the summary judgment decision. As a result, our decision in *Williams I* addressed only the summary judgment decision. In fact, our only mention of default judgment against any of the parties came in a footnote, where we simply noted that the Bank moved for default judgment against Regina Blount-Williams because she never answered the complaint. *Williams I* at ¶ 3, fn. 1. Because the trial court's default judgment determination

was never "subjected to appellate review" and our court did not render any "disposition of the judgment," we conclude the trial court erred in relying on *GEICO* and vacating the portion of its October 11, 2021 entry granting default judgment as to Regina Blount-Williams and the remaining defendants.[1] *August II* at ¶ 21.

{¶ 15} We therefore sustain the Bank's first assignment of error.

## B. Second Assignment of Error

{¶ 16} The Bank asserts in its second assignment of error that the trial court erred in revisiting its prior determination regarding the conditions precedent element of the foreclosure action. For the following reasons, we agree.

{¶ 17} To prevail in a foreclosure action, a plaintiff must prove each of the following by a preponderance of the evidence: " '(1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.' " *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 89502, 2013-Ohio-1657, ¶ 17. The trial court's October 11, 2021 decision granted summary judgment in the Bank's favor on *all* elements of the foreclosure action, including whether the conditions precedent had been satisfied. Mr. Williams raised only three assignments of error in his appeal from that decision—none of which pertained to the conditions precedent—and this court did not address conditions precedent in our *Williams I* decision. Despite this history and the fact that both parties and the court seemed to agree as to the limited scope of the remand (*see, e.g.*, Feb. 3, 2023 Trial Tr. at 5-6, 37-38, 40; Pl.'s Closing Argument at 1; Def.'s Written Closing Argument at 5), the trial court revisited its decision with respect to satisfaction of the conditions precedent and concluded that no evidence regarding conditions precedent

---

[1] In his merit brief in the instant appeal, Mr. Williams speculates that "the default judgment against Regina Blount Williams may be so interwoven with the summary judgment rendered against Charles Williams, Jr. that reversal of one should necessitate the reversal of both." (Appellee's Brief at 28.) While Mr. Williams presents case law in support of this argument, he fails to explain why the interests of former spouses who were married at the time they executed the mortgage are so " 'interwoven and dependent as to be inseparable.' " *Wigton v. Lavender*, 9 Ohio St.3d 40 (1984), syllabus. In fact, he quickly moves on to state that "[r]egardless, the trial court's handling of the interest of Regina Blount Williams should not impact its decision as to the interest of Charles Williams, Jr." (Appellee's Brief at 28-29.) Because he has not sufficiently argued this issue, we decline to address it in our decision. App.R. 16(B); App.R. 12(A)

was presented at trial.  On appeal, the Bank argues the trial court was precluded from doing so.

{¶ 18}  Pursuant to the law-of-the-case doctrine, " '[t]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case.' " *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404 (1996), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).  As a result,  a litigant may not attempt to "rely on new arguments on retrial which could have been pursued in a first appeal." *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.*, 81 Ohio St.3d 214, 218 (1998).  In fact, we have held that "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." *Klaus v. Klosterman*, 10th Dist. No. 16AP-273, 2016-Ohio-8349, ¶ 15, quoting *Clymer v. Clymer*, 10th Dist. No. 95APF02-239, 1995 Ohio App. LEXIS 4303, *8 (Sept. 26, 1995).

{¶ 19} Mr. Williams did not appeal the trial court's determination regarding satisfaction of the conditions precedent, we did not address the conditions precedent in our *Williams I* decision, and no evidence of changed circumstances that would have bearing on this issue was presented at trial.  As such, we find the law-of-the-case doctrine applies and the trial court erred in revisiting its prior determination regarding satisfaction of the conditions precedent.  We therefore sustain the Bank's second assignment of error.

## C.  Third Assignment of Error

{¶ 20} In its third assignment of error, the Bank argues the trial court erred in concluding the Bank failed to prove the amount of principal and interest due on the mortgage note by a preponderance of the evidence.  On appeal, we must uphold a trial court's factual determinations as long as they are " 'supported by some competent, credible evidence.' " *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), paragraph one of the syllabus. (*See* Appellee's Brief at 38; Appellant's Reply Brief at 13.)  In applying this standard of review, we "must presume the findings of the trier of fact are correct because it is best able to observe the witnesses and use those observations in weighing the credibility of the testimony." *Morris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-131, 2021-Ohio-3803, ¶ 64, quoting *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-

Ohio-1017, ¶ 31, citing *Seasons Coal Co.* at 80. *See also Sparre v. Ohio Dept. of Transp.*, 10th Dist. No. 12AP-381, 2013-Ohio-4153, ¶ 12.

{¶ 21} After considering all of the evidence presented during the bench trial, including Mr. Castro's testimony and Mr. Williams' exhibits, the trial court concluded the Bank failed to meet its burden of proving the principal and interest owed by a preponderance of the evidence. Specifically, the trial court "[took] great issue with the disjointed testimony of Mr. Castro and the lack of a clear account presented by [the Bank]." (Sept. 26, 2023 Jgmt. Entry at 5.) Following trial, on its own review of the record, the trial court was "unable to piece together an accurate picture of the amount due on the note." (*Id.*) For example, the court noted duplicate charges and credit yet an unchanged principal balance and multiple unrecoverable "Legal Fee Assessments." (*Id.*)

{¶ 22} On appeal, the Bank asserts Mr. Castro's testimony was only confusing because Mr. Williams' counsel "repeatedly interrupted and rushed Mr. Castro in an attempt to fluster him." (Appellant's Brief at 26.) Additionally, the Bank argues that "[w]hile Mr. Castro was unable to answer certain questions regarding specific charges, this does not invalidate the entire payment history. All it shows is that Mr. Castro became confused on the stand and that he does not possess[] a photographic memory regarding every document he reviewed or aspect of this case," and therefore his testimony was sufficient to establish the amount of principal and interest due on the mortgage note. (Appellant's Brief at 27-28.) The Bank also asserts the record does not contain any evidence to support the trial court's ruling and seems to suggest Mr. Williams was responsible for presenting evidence refuting the principal and interest claimed due by the Bank. (*See* Appellant's Reply Brief at 13-14.) For these reasons, the Bank claims, the trial court's decision was unsupported by the record and constituted "clear error." (*Id.* at 28.) We disagree.

{¶ 23} The trial court considered Mr. Castro's testimony and reviewed the payment history and simply concluded that neither was credible—Mr. Castro's testimony because it was muddled, confusing, and speculative, and the payment history because it was not in chronological order and many of its entries could not be explained. It was the Bank's burden to establish by a preponderance of the evidence all elements of the foreclosure action, including the amount of principal and interest due on the mortgage note. *See, e.g., Home Sav. of Am. v. Odita*, 10th Dist. No. 94APE03-293, 1994 Ohio App. LEXIS 4401, *12

(Sept. 30, 1994). Here, the trial court concluded the Bank failed to meet its burden because the court was unconvinced by the evidence presented. Essentially, the Bank asks us to reweigh Mr. Castro's testimony and the payment history in order to come to a different conclusion. But it is not our role to second-guess the trial court's credibility determinations and weighing of the evidence.

{¶ 24} Because we find there is "some competent, credible evidence" in the record to support the trial court's conclusion that the Bank failed to prove the amount owed on the mortgage note by a preponderance of the evidence, we overrule the Bank's third assignment of error. *See Seasons Coal Co.* at 80, quoting *C.E. Morris Co.* at paragraph one of the syllabus.

## III. CONCLUSION

{¶ 25} Having sustained the Bank's first and second assignments of error, and overruled the third assignment of error, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand the matter for the limited purpose of modifying the judgment entry in a manner consistent with this decision.

*Judgment affirmed in part and reversed in part*;
*cause remanded.*

LUPER SCHUSTER and BOGGS, JJ., concur.